IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLENN FRED GLATZ, )<br>)<br>Defendant. ) | No. 3:19-CR-218-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Glenn Fred Glatz's Motion to Continue Motion Deadline and Trial [Doc. 13], filed on February 25, 2020, and asking to continue the April 7, 2020 trial date, as well as the motion deadline in this case. Defendant Glatz requests a continuance to give his attorney additional time to review and redact discovery, investigate the facts of the case, and prepare potential pretrial motions. In this regard, the motion relates that discovery is voluminous and some of it must be reviewed at the FBI office. Defendant contends that a trial continuance would further the ends of justice because the need for additional time to prepare for trial outweighs the interests of the public and the Defendant in a speedy trial. The motion states that counsel has discussed the motion to continue and explained the right to a speedy trial to the Defendant, who understands that all time between the filing of the motion and the new trial date will be fully excludable. The motion also relates that the Government does not object to the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of June 16, 2020.

The Court finds the Defendant's motion to continue the trial and other deadlines to be unopposed by the Government and to be well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges Defendant Glatz with four counts of enticing a minor to produce child pornography, one count of receipt of child pornography, three counts of transferring obscene material to a minor, and one count of possession of child pornography. The Defendant first appeared in this case on January 28, 2020, and at that time, the Court appointed [Doc. 5] Assistant Federal Defender Jonathan A. Moffatt and the Federal Defender Services of Eastern Tennessee to represent him. In the motion, Mr. Moffatt relates that he needs additional time to complete his review of the voluminous discovery, investigate the facts of the case, and explore whether any pretrial motions should be filed. The Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 13**] to continue the trial date is **GRANTED**, and the trial is reset to **June 16, 2020**. The Court finds that all the time between the filing of the motion for a continuance on **February 25, 2020**, and the new trial date of **June 16, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets the following new schedule in this case: The deadline for filing pretrial motions is extended to **April 7, 2020**. Responses to pretrial motions are due on or before **April 24, 2020**. If any motions are filed requiring a hearing, Chambers will contact counsel to schedule a motion hearing. The parties are to appear before the undersigned for a final pretrial conference on **June 2, 2020, at 11:00 a.m.** This date is also the new deadline for concluding plea negotiations and providing reciprocal discovery. All motions *in limine* must be

filed no later than **June 1, 2020**. Requests for special jury instructions shall be submitted by **June 5, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Motion Deadline and Trial [**Doc. 13**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 16, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **February 25, 2020**, and the new trial date of **June 16, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **April 7, 2020**. Responses to pretrial motions are due on or before **April 24, 2020**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **June 2, 2020, at 11:00 a.m**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **June 2, 2020**;

(7) Motions *in limine* must be filed no later than **June 1, 2020**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **June 5, 2020.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge