IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-218-TAV-DCP |
| | ) | |
| GLENN FRED GLATZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Glenn Fred Glatz's Motion to Continue Motion Hearing and Trial [Doc. 25], filed on July 20, 2020, and asking to continue the July 28, 2020 motion hearing and the November 17, 2020 trial date in this case.

Defendant Glatz requests a ninety-day continuance of the motion hearing to give defense counsel additional time to review new discovery, to confer with the Defendant about new discovery and research, and to prepare for the evidentiary hearing on the suppression motions. Counsel states that restrictions relating to current conditions have slowed communications in this case. Counsel asks for an in-person evidentiary hearing, because he anticipates calling several witnesses and questioning them on documents and recordings. The motion states that counsel has discussed the motion to continue and explained the right to a speedy trial to the Defendant, who understands that all time between the filing of the motion and the new trial date will be fully excludable. The motion also relates that the Government does not object to the requested

continuance. The parties have conferred with Chambers and agreed on a motion hearing on November 4, 2020, and a new trial date of March 2, 2020.

The Court finds the Defendant's motion to continue the trial and other deadlines to be unopposed by the Government and to be well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant has filed two motions [Docs. 19 & 20] to suppress evidence. Defense counsel relates that he needs additional time to review new discovery, to confer with his client, and to prepare for an extensive evidentiary hearing on the dispositive motions. The Court finds that restrictions and changed circumstances relating to the COVID-19 pandemic have slowed communications and trial preparations in this case. The Court also finds that after the evidentiary hearing on the suppression motions, the undersigned will need time to prepare a report and recommendation, the parties will need time to file objections and responses, and the District Judge will need time to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(D) & -(H). The Court finds that litigation of the pending dispositive motions cannot occur by the November 17 trial date or in less than seven months. Accordingly, the Court also finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 25**] to continue the motion hearing and trial date is **GRANTED**, the evidentiary hearing is reset to **November 4, 2020,** and the trial is reset to **March 2, 2021**. The Court finds that all the time between the filing of the motion for a continuance on **July 20, 2020**, and the new trial date of **March 2, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -

2

(1)(H), & -(7)(A)-(B).  The Court also established a new schedule in this case, which is set out in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Motion Hearing and Trial [**Doc. 25**] is **GRANTED**;

(2)  The trial of this matter is reset to commence on **March 2, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3)  All time between the filing of the motion on **July 20, 2020**, and the new trial date of **March 2, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  The Court will hold an in-person evidentiary hearing on the Defendant's pending suppression motions on **November 4, 2020, at 10:00 a.m.**;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **February 2, 2021**;

(6) Motions *in limine* must be filed no later than **February 15, 2021**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **February 16, 2021, at 11:00 a.m.**; and

(8) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4., shall be submitted to the District Judge by **February 19, 2021.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge