IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:19-CR-218-TAV-DCP |
| GLENN FRED GLATZ, | ) ) ) | |
| Defendant., | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case is before the Court on Defendant Glatz's Motion for Leave to File Motions Out of Time [Doc. 30], filed on December 10, 2020. Defendant asks to file two suppression motions, which he attaches as exhibits, out of time. The motion relates that defense counsel been delayed in finalizing these motions due to the voluminous discovery and his need to research developing legal issues, delays in meeting with his client due to the COVID-19 pandemic, and defense counsel's unusually large caseload based in part on a coworker's extended leave and also on the pandemic slowing progress in his cases. He contends that that hearing these motions at the evidentiary hearing on February 4, 2021, would give the Government time to respond to the new motions. On December 17, 2020, the Government responded to the motion, stating that it does not oppose the motion to late file [Doc. 31]. The Government requests additional time to respond to the motions, in light of the holidays.

1

The Court previously extended the motion deadline in this case to June 19, 2020 [Doc. 18]. Defendant Glatz timely filed two motions to suppress evidence [Docs. 19 & 20] by that deadline. The Court has set a suppression hearing on those motions for February 4, 2021, at 9:30 a.m. Defendant Glatz now seeks to file two additional suppression motions.

Motions seeking to suppress evidence must be raised pretrial. Fed. R. Crim. P. 12(b)(3)(C). Rule 12 recognizes the Court's authority to set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)-(2). If a party fails to file a pretrial motion timely, the Court has discretion to decline to consider the motion, unless the party can show "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (emphasis in original). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)).

In the instant case, the Court finds the Defendant has stated good cause for the delay in filing the two additional suppression motions. These motions required extensive research into developing areas of the law and delays relating to the COVID-19 pandemic affected counsel's ability to confer with the Defendant during this time. The Court finds, based on the representations of defense counsel, the untimely filing was not a matter of defense strategy. *See United States v. Campos*, No. 5:17-CR-55-DCR-REW, 2018 WL 1406614, *3 (E.D. Ky Feb. 23, 2018) (R. Wier, MJ, Recommended Disposition) (observing that the "Sixth Circuit rejects improvident strategy as a reason to excuse a tardy defensive motion"). Accordingly, the Court finds the Defendant has established good cause for the untimely filing of two additional suppression motions. The Defendant's Motion for Leave to File Motions Out of Time [**Doc. 30**]

is **GRANTED**.  The Defendant is **ORDERED** to file the proposed suppression motions, with exhibits, on or before **January 6, 2021**.  The Government is **DIRECTED** to respond to the new suppression motions on or before **January 20, 2020**.

    **IT IS SO ORDERED.**

                                              ENTER:

                                              */s/ Debra C. Poplin*

                                              _____
                                              Debra C. Poplin
                                              United States Magistrate Judge