UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-218-TAV-DCP |
| | ) | |
| GLENN FRED GLATZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case is before the undersigned on the issue of Defendant Glenn Glatz's representation. At Defendant's initial appearance on January 28, 2020, the Court appointed Assistant Federal Defender Jonathan A. Moffatt and the Federal Defender Services of Eastern Tennessee ("FDS") to represent Defendant Glatz. On April 14, 2021, the undersigned held a motion and evidentiary hearing on Defendant's three pending suppression motions [Docs. 19, 20, & 33] and his motion for a Franks hearing [Doc. 34]. The Court set a deadline of April 28, 2021, for initial post-hearing briefs and May 12, 2021, for responding post-hearing briefs. On April 19, 2021, Mr. Moffatt filed Defendant's Motion for a *Faretta* Hearing and to Continue Post-hearing Brief Deadline [Doc. 41], stating that Defendant wants to represent himself and wants to complete the post-hearing briefing himself. The motion relates that Defendant understands this request may require a continuance of the September 7, 2021 trial date.

The parties appeared before the undersigned on May 6, 2021, for a motion hearing on the Motion for *Faretta* hearing. Assistant United States Attorney Matthew T. Morris represented the

Government. Mr. Moffatt appeared along with Defendant Glatz.[1] Mr. Moffatt stated that that he and Defendant Glatz have a difference of opinion on pretrial matters, particularly on which motions should be filed. He stated that Defendant seeks to represent himself so that he can decide which motions to pursue and arguments to make. Mr. Moffatt stated that Defendant would accept elbow counsel and did not feel that their difference in opinion on strategy would hinder or prevent Mr. Moffatt from serving as elbow counsel. Mr. Moffatt stated that he was in the process of obtaining the transcript of the evidentiary hearing and a transcript of a video interview played at the hearing to assist Defendant in preparing a post-hearing brief. In response to a question from the Court, Mr. Moffatt said he had no questions about Defendant Glatz's competency.

AUSA Morris stated that Defendant has a right to represent himself and that the Government does not oppose him exercising this right. However, AUSA Morris raised two issues relating to Defendant's self-representation. First, he pointed out that Defendant would not have full access to discovery. He stated that much of the discovery in this case is in electronic format, which Defendant has no way to view at the jail. He also pointed out that some of the discovery contains sensitive information and the personal identifiers of minors, which the Government objects to being left with the Defendant at the jail. Finally, AUSA Morris said the pornographic materials must be viewed at the FBI office and Defendant would have no access to that at the jail. Second, AUSA Morris asked that Defendant be required to provide reciprocal discovery, pursuant to Federal Rule of Criminal Procedure 16(d), well in advance of trial.

Defendant was sworn, and the Court advised him of the risks and perils of self-representation, using the litany provided in *United States v. McDowell*, 814 F.3d 245, 251 (6th Cir. 1987). The Court finds that Defendant Glatz has undertaken a limited self-study of law using the

---

[1] Defendant participated with the aid of headphones to help him hear the proceedings.

kiosk at the jail but has never previously represented himself. Defendant states he has read the Federal Rules of Evidence and the Federal Rules of Criminal Procedure but admits that he is not "adept" in them. The Court instructed Defendant that these rules would not be relaxed because he was representing himself. The Court had AUSA Morris advise Defendant of the potential penalties for his charges, and Defendant stated that he still wanted to represent himself even after hearing the potential penalties. The Court informed Defendant Glatz that he would be better off being represented by counsel, but Defendant stated that he still wanted to represent himself.

The Court expressed concern about the voluntariness of Defendant's decision to represent himself in light of the limitations on his access to discovery while in custody. Mr. Moffatt stated that he had redacted the personal identifiers from all written discovery and provided the written discovery to Defendant. However, he said the electronic discovery contains several "phone dumps" that may contain personal information. Mr. Moffatt also stated that the discovery contains hours of recorded telephone calls that he has not reviewed with Defendant. Mr. Moffatt said he determined that these calls are not germane to the issues raised in the pretrial motions and that he did not have the time necessary to review them with Defendant, given their relative unimportance. He noted that jail visits are limited to thirty minutes and that he did not have time to review the voluminous electronic discovery with Defendant at the jail. The Court continued the motion hearing to June 8, 2021, to allow Mr. Moffatt to review the complete interview video with Defendant and to discuss with Defendant the limitations on his access to discovery if he represents himself.

The parties appeared before the undersigned on June 8, 2021. AUSA Morris again appeared for the Government, and Mr. Moffatt again appeared with Defendant Glatz, who was

3

Case 3:19-cr-00218-TAV-DCP   Document 48   Filed 06/15/21   Page 3 of 8   PageID #: 554

also present.[2] Mr. Moffatt reported that he reviewed the entire interview video with Defendant Glatz. He said he provided additional discovery to Defendant and that Defendant now has the vast majority of the documents in this case. He said he provided Defendant with the important information from the cellphone dumps and from the cellphone of a minor and that Defendant understands he does not need the remaining information. Mr. Moffatt stated that Defendant understands he cannot review the pornographic videos. Mr. Moffatt said that he could provide Defendant with the jail phone calls and a video interview of a victim, if they are needed for trial, but Defendant agrees these are not necessary at this point.

AUSA Morris agreed that the pornographic materials cannot be disclosed but said Mr. Moffatt could review the materials and describe them to Defendant. With regard to the Defendant's cellular telephone, AUSA Morris stated that no one, including the Government, can go back into the physical phone but that there is a forensic copy of the data.

Defendant said his main concern is viewing the data log files on his cellphone and micro SD card and that this information relates to the motion regarding illegal access to the Google cloud. He said he did not want to review the forensic report but, instead, wanted to view the phone itself, while the phone was connected to a computer, in order to get the dates of files and the file types. The Court explained to Defendant that he would not be able to review data on the phone, only on the report.

Defendant said that he had weighed the pros and cons of self-representation. He said that the negative of self-representation is that Mr. Moffatt is competent and qualified, whereas he is not. However, he said that the positive of self-representation is that he can pursue issues that have not been explored. Defendant Glatz stated that he was not willing to give these issues up.

---

[2] Defendant Glatz used the headphones to aid him in hearing the proceedings.

Defendant said that he also wanted to reopen the suppression hearing and to subpoena eight officers, as well as documents, to show the omissions and falsehoods by the affiants. Finally, he said he wanted to present "newly discovered evidence" that he saw while reviewing the video of the interview. Defendant asked for the ability to type documents that he submits to the Court, stating the documents will be more professional and his work will be more efficient.

AUSA Morris said the case agent could provide the information on the dates of files and the information on the types of files from Defendant's cellphone to Mr. Moffatt to provide to Defendant next week. Mr. Moffatt agreed to hand deliver this information to Defendant next week. AUSA Morris expressed concern about Defendant filing additional motions, noting that the case had been pending for nearly two years and that some of the witnesses are overseas.

The Court finds the issues Defendant wishes to pursue have already been raised in the pending pretrial motions [Docs. 19, 20, 33, & 34]. Although Mr. Moffatt made an oral motion to withdraw the Motion to Suppress Evidence Obtained from a Google Drive Cloud Storage Service [Doc. 33] at the April 14, 2021suppression hearing, the Court will hold that oral motion in abeyance and allow the Defendant to determine whether he wants to pursue this motion. The Court declined to allow new motions at this juncture but will permit Defendant to make arguments on the issues he seeks to emphasize in his post-hearing brief. The Court also declines to reopen the suppression hearing at this time, because it has not granted a *Franks* hearing. Finally, the Court informed Defendant that it could not order that he be permitted to type documents, but it would accept handwritten documents.

Following a review of the Defendant's access to discovery and an exploration of the issues before the Court in the pending motions, the Court again strongly advised Defendant that he would be better off if represented by counsel. Despite the Court's strong recommendation, Defendant

5

Case 3:19-cr-00218-TAV-DCP   Document 48   Filed 06/15/21   Page 5 of 8   PageID #: 556

Glatz chose to represent himself. Based upon the Defendant's answers to the *McDowell* questions and the discussion of limitations on discovery, the Court finds that the Defendant knowingly and voluntarily waives his right to counsel. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that a criminal defendant may represent himself, if his decision to do so is voluntary and intelligent). Mr. Moffatt and FDS are **RELIEVED** of their representation of Defendant Glatz, who is permitted to represent himself.

The Court next considered the appointment of elbow counsel in this case. Defendant expressed a desire that Mr. Moffatt remain on the case as elbow counsel. Mr. Moffatt agreed to undertake this role. The appointment of standby counsel does not violate a defendant's right to represent him- or herself. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta*, 422 U.S. at 834 n.36 (1975). The court may appoint standby counsel to help the defendant and to represent the defendant if self-representation must be terminated. *Id.* Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184.

With these principles in mind, the Court finds the appointment of elbow counsel in this case to be appropriate. The Court also finds that Mr. Moffatt is particularly suited to serve as elbow counsel, because he is familiar with the case. The Court **APPOINTS** Assistant Federal Defender Jonathan A. Moffatt to serve as elbow counsel for Defendant Glatz. To the extent possible, Mr. Moffatt shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. Mr. Moffatt should help the Defendant overcome routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, which the Defendant has clearly indicated he wants to complete. Mr. Moffatt may also, upon the Defendant's request, provide technical assistance in presenting the defense and preserving the record for appeal. In the instant case, the Court finds that Mr. Moffatt may assist Defendant Glatz in accessing the discovery, particularly by reviewing the materials maintained at the FBI office. Finally, the Court may ask Mr. Moffatt to represent Defendant Glatz should he decide that he wants the Court to appoint counsel for him or if the termination of self-representation becomes necessary.

In summary, the Court finds that Defendant Glatz knowingly and voluntarily chooses to represent himself in this case and that Mr. Moffatt shall serve as elbow counsel. Based upon these findings, the Court **ORDERS** as follows:

(1) Defendant's Motion for a *Faretta* Hearing and to Continue Post-hearing Brief Deadline [**Doc. 41**] is **GRANTED**. Defendant Glatz is permitted to represent himself;

(2) Assistant Federal Defender Jonathan A. Moffatt and FDS are **RELIEVED** of their representation of Defendant Glatz. Mr. Moffatt is **APPOINTED** as elbow counsel for Defendant Glatz. Mr. Moffatt states that he has provided the written discovery to Defendant Glatz and the important electronic discovery relating to the cellular telephones at issue in this case. Mr. Moffatt states that he will hand deliver to Defendant additional information from the Government on the dates and types of files in

Defendant's cellphone. Mr. Moffatt also agrees to serve as Defendant's proxy in reviewing materials that cannot be removed from the FBI office;

(3) The deadline for Defendant Glatz to file a post-hearing brief in this case is extended to **July 14, 2021**;

(4) The Government shall file a responding post-hearing brief on or before **July 28, 2021**;

(5) The Court will hold Mr. Moffatt's oral motion to withdraw the Motion to Suppress Evidence Obtained from a Google Drive Could Storage Service [Doc. 33] in abeyance, while the Defendant reviews additional information from the Government and determines whether to pursue this motion. The Defendant shall file either a motion to withdraw the motion [Doc. 33] or a brief in support of the motion on or before **July 28, 2021**. If the Defendant files a brief on the motion, the Government may file a responding brief on or before **August 11, 2021**;

(6) The Court finds and the Defendant understands there is no way to complete the litigation of the pending pretrial motions by the current trial date on September 7, 2021. Accordingly, the parties will appear before the undersigned at the scheduled pretrial conference on **August 23, 2021, at 11:00 a.m.**, for a status conference on the trial date and schedule;

(7) Defendant's request to reopen the motion deadline is **DENIED** at this time. If Defendant seeks to file a motion, he must file a motion for leave to file the motion, attaching a copy of the motion he seeks to file. Defendant's request to reopen the evidentiary hearing is also **DENIED** at this time, because the Court has not yet determined that he is entitled to a *Franks* hearing; and

(8) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Glatz.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
———————————————
Debra C. Poplin
United States Magistrate Judge