IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-218-TAV-DCP |
| | ) | |
| GLENN FRED GLATZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b). This case is before the undersigned on Defendant Glatz's *pro se* Motion for Emergency Reconsideration of Deadline for Suppression Hearing Post-hearing Brief [Doc. 49] and Defendant's Motion for Judicial Approval of Various Needs of Pro Se Defendant [Doc. 50], both of which were filed on June 14, 2021. Defendant asks the Court to extend the July 14, 2021 deadline for his post-hearing brief, because he needs to expose numerous falsehoods by law enforcement in this case and he needs time to subpoena witnesses to establish these falsehoods. Defendant also asks the Court to permit him to have the following at the jail to assist with his self-representation: (1) a portable, rechargeable electronic device with internet access to law libraries and Court rules, (2) a word processing application, (3) the ability to email elbow counsel and his brother-in-law in order to submit documents to the Court and save documents in the Cloud, and (4) access to the display software used by the Government at the suppression hearing. The Court addresses each of these motions in turn.

I.  **BACKGROUND**

By way of background, Defendant was charged in an Indictment [Doc. 1] with four counts of enticing a minor to produce child pornography, one count of receipt of child pornography, three

counts of transferring obscene material to a minor, and one count of possession of child pornography. Defendant first appeared in this case on January 28, 2020, and at that time, the Court appointed [Doc. 6] Assistant Federal Defender Jonathan A. Moffatt and the Federal Defender Services of Eastern Tennessee ("FDS") to represent him. On April 14, 2021, the undersigned held a motion and evidentiary hearing on Defendant's three pending suppression motions [Doc. 19, 20, & 33] and his motion for a *Franks* hearing [Doc. 34]. The Court set a deadline of April 28, 2021 for initial post-hearing briefs and May 12, 2021, for responding post-hearing briefs. On April 19, 2021, Mr. Moffatt filed Defendant's Motion for a *Faretta* Hearing and to Continue Post-hearing Brief Deadline [Doc. 41], stating that Defendant wants to represent himself and to complete the post-hearing briefing himself.

On May 6, 2021, the parties appeared before the undersigned for a motion hearing on the Motion for *Faretta* hearing. Mr. Moffatt explained that he and Defendant have a difference of opinion on pretrial matters, but that Defendant would accept elbow counsel and did not feel that their difference of opinion would hinder or prevent Mr. Moffatt from serving as elbow counsel. AUSA Matthew T. Morris, representing the Government, raised several issues relating to Defendant's self-representation and access to certain discovery while in custody. The Court discussed the risks and perils of self-representation with Defendant, using the *McDowell* litany,[1] and ultimately continued the motion hearing to June 8, 2021, to allow Mr. Moffatt to review the complete interview video played at the suppression hearing with Defendant and to discuss with Defendant the limitations on his access to discovery if he represents himself.

---

[1] In in *United States v. McDowell*, 814 F.3d 245, 251 (6th Cir. 1987), our appellate court provided a list of questions to assist in determining whether a defendant knowingly and voluntarily waives his right to counsel.

When the hearing resumed on June 8, 2021, Mr. Moffatt reported that he reviewed the entire interview video with Defendant and provided additional discovery such that Defendant now has the vast majority of the documents in this case, including information from the cellphone dumps and from the cellphone of a minor. Further, the parties advised that while the pornographic materials could not be disclosed to Defendant, Mr. Moffatt, as elbow counsel, could review the materials maintained at the FBI office and describe them to Defendant. Defendant advised that his main concern is viewing the data log files on his seized cellphone and micro SD card, asserting that such information relates to the pending Motion to Suppress Evidence Obtained from a Google Drive Cloud Storage Service [Doc. 33], which Mr. Moffatt had indicated he would withdraw, because the Government had clarified in its response to the motion [Doc. 36] that when the phone was searched, it was not connected to the internet and no files were obtained from a Google Cloud account; rather, the FBI obtained digital images and videos directly from Defendant's phone. Defendant, however, continued to maintain that there had been illegal access to the Google Cloud and stated that he wanted to view the phone itself while it was connected to a computer, in order to get the dates of files and the file types. In response, AUSA Morris stated that the FBI case agent could provide the information on the dates of files and the types of files from Defendant's cellphone to Mr. Moffatt to provide to Defendant within one week.

At the June 8 hearing, Defendant orally asked to reopen the motion deadline as well as to reopen the April 14 evidentiary hearing, because he wanted to subpoena eight officers, as well as documents, to show omissions and falsehood by the affiants and to present "newly discovered evidence" that he saw while reviewing the interview video. Defendant also asked to have a computer at the jail, so that he could type his filings. He said while it would take him two or three weeks to prepare a brief electronically, it would take much longer handwriting the brief. He also

argued that preparing the brief electronically would allow him to present a more professional result.

At the conclusion of the June 8 hearing, the Court granted Defendant's request to represent himself and appointed Mr. Moffatt as elbow counsel. [Doc. 48]. The Court also extended the deadline to July 14, 2021, for filing a post-hearing brief relating to the suppression issues raised in [Docs. 19 & 20] and Defendant's request for a *Frank's* Hearing [Doc. 34]. Mr. Moffatt's oral motion to withdraw the Motion to Suppress Evidence Obtained from a Google Drive Cloud Storage Service [Doc. 33] was held in abeyance, while Defendant reviews additional information from the Government and determines whether to pursue the motion. Defendant was instructed to file either a motion to withdraw the motion [Doc. 33] or a brief in support of the motion on or before July 28, 2021. The Court declined Defendant's oral request to extend the motion deadline, finding that the issues Defendant wanted to pursue have already been raised in the pending pretrial motions [Docs. 19, 20, 33, & 34], and further declined to reopen the suppression hearing, because it has not granted a *Franks* hearing. The Court instructed Defendant that he must file a motion for leave to pursue any future request to reopen the motion deadline. [Doc. 48]. Finally, the Court instructed Defendant that it could not order that he have access to an electronic device at the jail for preparing his post-hearing brief but that it would accept handwritten documents.

## II. REQUEST FOR EXTENSION OF DEADLINE FOR POST-HEARING BRIEFS

Defendant moves the Court for an extension of the July 14 deadline for filing his post-hearing brief on the pending motions to suppress evidence [Docs. 19 & 20] and the motion for a *Franks* hearing [Doc. 34]. Defendant states that he will seek to prove a large number of "untruths, false claims, falsely concocted claims of probable cause, and very many outright lies" in this case

[Doc. 49, p.2]. Defendant states that he needs more time to subpoena material witnesses and to neatly prepare handwritten filings [Doc. 49, p.4].

At the June 8 hearing, Defendant asked to reopen the suppression hearing and to call additional witnesses. At that time, the Court declined to reopen the suppression hearing, informing Defendant that the Court already has before it the video of his interview with regard to the motion to suppress evidence stemming from the warrantless seizure of his cellphone [Doc. 19] and that it is limited to consideration of the affidavits in support of the search warrants on his motion to suppress the evidence obtained from three search warrants [Doc. 20]. With regard to Defendant's motion for a *Franks* hearing, the Court explained that he could not call the affiants unless and until the Court granted him a *Franks* hearing. The Court has not reopened the suppression hearing and is not taking additional evidence at this time. Instead, the Court stated that Defendant was not limited to the arguments raised by counsel in the three pending motions but could raise additional arguments in his post-hearing brief, based upon the evidence before the Court.

At the June 8 hearing, the Government expressed concern about the delay in bringing this case to trial, noting that some of the witnesses in this case are overseas. In his motion, Defendant points out that he is in custody and yet requests more time to file a post-hearing brief despite the fact that it will prolong his time in jail. The Court must balance the interests of the parties and the public in bringing this case to trial with Defendant's interest in a fair opportunity to defend himself. The Court notes that Defendant viewed the entire video of his May 2, 2018 interview [Exhibit 3] with counsel prior to representing himself. Additionally, the transcript [Doc. 44] of the April 14, 2021 evidentiary hearing has been available since May 7, 2021. Finally, the Court observes that at the June 8 hearing, it expanded the time for filing post-hearing briefs from June 30 to July 14 in order to give Defendant additional time for writing out his brief by hand. Because no new evidence

is permitted on the suppression motions [Docs. 19 & 20], the Court finds the deadline for a post-hearing brief on these motions shall remain **July 14, 2021**.

In the Motion for a *Franks* Hearing [Doc. 34], Defendant argues that the three search warrant affidavits contain multiple false statements and material omissions. He contends that if these false statements are omitted and the omissions are considered, the affidavits do not provide probable cause. The Government responds [Doc. 35] that Defendant is not entitled to a *Franks* hearing, because no material information was misrepresented or omitted from the affidavits. Counsel presented argument at the April 14 suppression hearing regarding the alleged false statements and omissions in the affidavits and the proof in the record supporting their arguments. As stated earlier, the Court is not reopening the suppression hearing for additional testimony at this time. Accordingly, the Court continues to find the **July 14, 2021** deadline for the post-hearing brief on the *Franks* motion [Doc. 34] to be appropriate. While Defendant Glatz states that he has "hundreds" of falsehoods he must address, the Court observes that the affidavits are finite documents. Defendant is only addressing the alleged false statements or omissions in those three affidavits. If Defendant is unable to meet the July 14 deadline, despite a good faith effort, he may again file for an extension.

The Court finds Defendant's primary reason for requesting an extension of the post-hearing briefing deadline is to take additional testimony. Because the Court is not reopening the suppression hearing at this time, the Court finds the request is not well-taken. Defendant's request [**Doc. 49**] for an extension of the July 14, 2021 deadline for a post-hearing brief is **DENIED**.

### III.  REQUEST FOR EQUIPMENT, SOFTWARE, AND EMAIL ACCESS

Defendant Glatz also moves the Court for access to the following equipment, software, and access at the jail to assist with his self-representation:  (1) a portable, rechargeable electronic device

with internet access to law libraries and Court rules, (2) a word processing application, (3) the ability to email elbow counsel and his brother-in-law in order to submit documents to the Court and save documents in the Cloud, and (4) access to the display software used by the Government at the suppression hearing. Defendant contends that these four items are necessary for the professionalism, efficiency, and quality of his filings and to protect his legal work from physical destruction and loss.

The Court has discussed Defendant's requests and concerns with the United States Marshals Service. According to the Marshals, Defendant may access an electronic law library on a kiosk, which is available from 6:00 a.m. to 10:00 p.m. Defendant must share the kiosk with approximately twenty-seven other prisoners in his pod. Defendant cannot have access to an electronic device, such as a tablet or computer, in his pod for security reasons. Defendant may store an unlimited number of documents and printouts in cardboard boxes in his cell.

The Court finds that Defendant has access to a law library and that he may submit documents to the Court either by mailing them to the Clerk of Court or by giving them to elbow counsel to be filed. While Defendant does not have access to a means of producing documents electronically, the Court will accept handwritten documents. Moreover, the Court informed Defendant at the June 8 hearing that he would have to draft documents by hand, rather than electronically. Finally, the Court finds that Defendant may store legal documents in cardboard boxes in his cell.[2] The Court finds these measures are necessary to security and are sufficient for Defendant to prepare his defense. Accordingly, Defendant's Motion for Judicial Approval of Various Needs of Pro Se Defendant [**Doc. 50**] is **DENIED**.

---

[2] Defendant contends that he stores his legal documents on the edge of his bed, under his mattress, and on the floor below his bed, where they could be destroyed by a spill [Doc. 50, p.7].

## IV. CONCLUSION

In summary, the Court **ORDERS** as follows:

(1) Defendant's Motion for Emergency Reconsideration of Deadline for Suppression Hearing Post-hearing Brief [**Doc. 49**] is **DENIED**. Defendant Glatz's deadline for submitting a post-hearing brief on the motions addressed at the April 14, 2021 hearing [Docs. 19, 20, & 34] remains **July 14, 2021**;

(2) Defendant's Motion for Judicial Approval of Various Needs of Pro Se Defendant [**Doc. 50**] is also **DENIED**; and

(3) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Glatz at the jail.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge