UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

|   |   |   |   |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:19-CR-218-TAV-DCP-1 |
| | ) | | |
| GLENN FRED GLATZ, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's appeal [Doc. 82] of United States Magistrate Judge Debra C. Poplin's order [Doc. 67] denying defendant's Motion to Compel Production of Defendant's LG Cellphone and Micro SD Card [Doc. 57] and defendant's Motion to Reopen Suppression Hearing [Doc. 59]. For the reasons discussed below, the Court will **DENY** defendant's appeal motion [Doc. 82].

**I.  Background**

In December 2019, defendant was indicted on nine separate child pornography related offenses [Doc. 1]. Defendant was initially appointed a federal public defender to represent him [Doc. 8]. Defendant, through counsel, filed several motions to suppress and a motion for a *Franks*[1] hearing, which remain pending before the magistrate judge [Docs. 19, 20, 33, 34].

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

In April 2021, Judge Poplin conducted a suppression hearing [Doc. 44]. At that hearing, Assistant United States Attorney ("AUSA") Matthew Morris indicated that he believed, based on his conversations with defense counsel, Jonathan Moffat, that one of the motions to suppress, involving cloud storage data, was moot based on Mr. Moffatt having met with the Federal Bureau of Investigation ("FBI") [*Id.* at 5–6]. In response to that statement, Mr. Moffatt and defendant engaged in a private conversation, which led the Court to take a recess to allow defendant to consult with his counsel [*Id.* at 6]. After the recess, Mr. Moffatt stated that he was withdrawing the motion involving the Google Drive account, filed as document 33 on the record [*Id.* at 7].

Defendant then requested to speak to the Court on this issue [*Id.* at 7–8]. Judge Poplin informed defendant that, because he was represented by counsel, he should speak to Mr. Moffat and Mr. Moffatt could relay whatever he felt was appropriate for the Court to hear [*Id.* at 8]. Judge Poplin explained to defendant that, based on her understanding, neither side had anything to present regarding this specific suppression motion at the hearing, but Mr. Moffatt intended to look further into it [*Id.* at 8–9]. Defendant continued to request to speak directly to the Court, and Judge Poplin warned him that he had the right to remain silent, and if he said something on the record, it could be used against him [*Id.* at 9]. Despite both Judge Poplin and Mr. Moffatt's warnings against speaking directly to the Court, defendant continued to request to make a statement [*Id.* at 9–10]. Judge Poplin ultimately declined to allow defendant to make a statement as to this motion to suppress [*Id.* at 10].

During the hearing Detective Richard Collins testified that defendant, who was on the sex offender registry, was brought into the Jefferson County Sheriff's Office ("JCSO") for an interview based on a complaint that he had been interacting with a minor online, using an unregistered social media account [*Id.* at 11, 14, 17–20]. At the end of the interview, Detective Collins patted defendant down and asked him to take some items out of his pants [*Id.* at 32]. At the conclusion of the interview, defendant was permitted to leave [*Id.* at 37]. In the meantime, Detective Pam Taylor obtained a search warrant for defendant's cell phone [*Id.* at 37–38]. A search of defendant's phone led to the discovery of child pornography [*Id.* at 40].

During the interview, defendant's cell phone had been seized, but defendant declined to provide his passcode for the phone [*Id.* at 65]. On cross-examination, Detective Collins stated that incriminating evidence was actually on an SD card inside the phone [*Id.*]. Detective Collins stated that the SD card was a storage device, but he did not recall the SD card being separated from the phone [*Id.* at 66]. Once the phone was seized, it was placed into evidence and taken to Detective Stallings, who would have run the "Cellebrite" report [*Id.*]. During argument, AUSA Morris stated that evidence "was uncovered on the SD card that was examined during – pursuant to the state search warrant" [*Id.* at 84–85].

Defense counsel asserted that the SD card had to be separated from the phone for JCSO to be able to access it, because it is an entirely separate storage device [*Id.* at 89]. Defense counsel argued that the search warrant did not give permission to search the SD card [*Id.*]. The government, however, argued that the failure to mention the SD card in the

3

warrant was a clear typographical error, since the search warrant mentioned a 16 gigabyte SIM card, when in actuality, it was referring to the 16 gigabyte SD card [*Id.* at 101]. Defense counsel, however, argued that there was no evidence that this was just a typographical error [*Id.* at 105–06].

On May 6, 2021, Judge Poplin held another hearing on pretrial motions, at which point defendant advised the court that he wished to proceed pro se in this criminal matter, while having Mr. Moffatt serve as elbow counsel [Doc. 46]. At the hearing, AUSA Morris raised the issue that defendant would not have full access to discovery, because much of the discovery was in electronic format, which defendant would not be able to view at the jail, and defendant would also not be permitted to review materials involving personal identifiers of minors or pornographic content at the jail [Doc. 48, p. 2]. Judge Poplin expressed concern about the voluntariness of defendant's decision to proceed pro se in light of the limitations on his access to discovery [*Id.* at 3]. Mr. Moffatt informed the Court that he had redacted personal identifies from all written discovery and provided it to defendant, but the electronic discovery contained several "phone dumps" that may contain personal information [*Id.*]. Mr. Moffatt also stated that there were hours of recorded telephone calls that he had not reviewed with defendant, and, because jail visits are limited to 30 minutes, he did not have time to review the voluminous electronic discovery with defendant at the jail [*Id.*]. The Court continued the motion hearing to allow Mr. Moffatt to review the complete interview video and discuss with defendant the limitations on his access to discovery if he represents himself [*Id.*].

4

On June 8, 2021, at the continued hearing, Mr. Moffatt reported that he had reviewed the entire interview video with defendant and had provided additional discovery to defendant, such that defendant had the vast majority of the documents in the case, and defendant understood he did not need the remaining information and could not review the pornographic videos [*Id.* at 3–4]. At the hearing, AUSA Morris also warned that no one, including the government, could go back into the physical phone, but stated that there was a forensic copy of the cell phone data [*Id.* at 4]. Defendant indicated that his main concern was viewing the data log files on his cell phone and SD card, and that he wanted to view the phone itself, while the phone was connected to a computer [*Id.*]. Judge Poplin explained to defendant that he would not be able to review the data on the physical cell phone, only the report from the cell phone [*Id.*]. Defendant also stated that he wished to reopen the suppression hearing to subpoena eight officers to show the omissions and falsehoods by the affiants and present "newly discovered evidence" from his review of the interview video [*Id.* at 5].

Judge Poplin declined to reopen the suppression hearing but did hold counsel's oral motion to withdraw the Motion to Suppress Evidence Obtained from a Google Drive Cloud Storage Service [Doc. 33] in abeyance, allowing defendant to determine whether he wished to pursue such motion, and also allowed defendant to make arguments on the issues he wished to emphasize in his post-hearing brief [Doc. 48, p. 5]. Judge Poplin noted that "[f]ollowing a review of the Defendant's access to discovery . . . the Court again strongly advised Defendant that he would be better off if represented by counsel" [*Id.*].

5

Nevertheless, defendant elected to represent himself, and Judge Poplin found that defendant had knowingly and voluntarily waived his right to counsel [*Id.* at 5–6].

Less than a month later, defendant filed his Motion to Compel Production of Defendant's LG Cellphone and Micro SD Card for Inspection of Text-Only File Information [Doc. 57]. In this motion, defendant stated that he wanted to attach his cell phone and SD card to a computer to verify the file types and dates created, modified, and last accessed [*Id.* at 1]. He noted that he was contemporaneously filing a motion to appoint an information technology ("IT") expert to assist him in determining how the government accessed his Google Drive and the quantity of images and videos contained on the phone and SD card [*Id.*].

Defendant then filed his Motion to Reopen Suppression Hearing [Doc. 59]. In this motion, he stated that, at his initial suppression hearing, he expected counsel to subpoena seven law enforcement officers that he demanded to confront, and, when he saw that none were present, he tried to halt the hearing to tell the judge he wanted to begin representing himself and continue the suppression hearing to obtain subpoenas for those witnesses [*Id.* at 1]. Defendant contends that these witnesses were affiants on the warrants who "had lied and omitted material information," and defendant "needed this testimony required to make a substantial showing to receive his Franks Hearing" [*Id.* at 3].

Judge Poplin granted defendant's request to hire an IT expert in part, in that she approved his request to hire an expert and directed him to apply for Criminal Justice Act funding for such [Doc. 66].

6

Judge Poplin, however, denied defendant's motions to compel production of his cell phone and SD card and to reopen the suppression hearing [Doc. 67]. As to defendant's request for production of the cell phone and SD card, Judge Poplin found that it was mandatory under Federal Rule of Criminal Procedure 16(a)(1)(E) that the government permit inspection of such evidence, but the plain language of that rule permits the government to provide copies in lieu of the actual evidence [*Id.* at 3]. Thus, Judge Poplin concluded that the government's provision of a copy of the data on the cell phone and SD card complied with Rule 16(a)(1)(E) [*Id.*]. Judge Poplin also found that defendant was not entitled to inspect and manipulate the actual tangible items because doing so would compromise the integrity of the data therein [*Id.*]. Additionally, Judge Poplin found that, pursuant to 18 U.S.C. § 3509(m)(1), defendant was not entitled to review materials that constituted child pornography, and, as discussed at the June 8 hearing, his elbow counsel would be able to inspect that material at the FBI office [*Id.* at 3–4]. Finally, Judge Poplin found that defendant has access to the extraction report and data log files and had not demonstrated why review of those reports was insufficient to determine issues regarding when and from where data was accessed [*Id.* at 4].

As to defendant's request to reopen the suppression hearing, Judge Poplin found that the reason for not presenting the seven witnesses at the prior hearing was disagreement between defense counsel and defendant on how to support the pending motions [*Id.* at 6]. Judge Poplin stated that, even assuming that a change in strategy is a legitimate basis for

7

presenting additional evidence, the character of the testimony and the effect of granting the motion reveal that the suppression hearing should not be reopened [*Id.* at 6–7]. First, Judge Poplin noted that three of the seven officers that defendant seeks to present were affiants on the search warrants at issue in the pending motions, but the reviewing court's evaluation of whether an affidavit establishes probable cause is limited to the information contained within the four corners of the supporting affidavit, and the court cannot consider the testimony of affiants in determining defendant's motions to suppress [*Id.* at 7]. Likewise, Judge Poplin found that the testimony of the affiants is premature as it relates to defendant's request for a *Franks* hearing, because defendant must make a substantial preliminary showing, including a showing that the allegedly false statements or omissions were necessary to the probable cause finding, before the court grants a *Franks* hearing and permits defendant to question the affiants about the validity of their statements [*Id.* at 7–8].

Second, Judge Poplin noted that defendant sought to present testimony of the two forensic investigators in relation to his motions to suppress [*Id.* at 8]. However, as to the first motion, Judge Poplin notes that defendant argues that the SD was not covered by the search warrant for his cell phone, but Judge Poplin found that "the issue of whether law enforcement accessed the SD card pursuant to the search warrant is not in dispute. Instead, the question is whether the search warrant authorized the examiners to search the SD card" [*Id.*]. Judge Poplin declined to reopen the suppression hearing to establish a fact not in

8

dispute [*Id.*]. Judge Poplin also found no reason to reopen the suppression hearing for testimony relating to defendant's motion to suppress evidence obtained from his Google Drive because that motion has not yet been heard and noted that defendant must decide whether to pursue or withdraw that suppression motion by August 23, 2021 [*Id.* at 8–9]. Finally, Judge Poplin concluded that the testimony of the remaining two witnesses (JCSO Officer Blake Cupp and an unnamed witness), would be duplicative of the evidence already presented, or alternatively, their testimony relates to motions not before the Court [*Id.* at 9].

## II.     Standard of Review

For this Court to overturn a magistrate judge's decision on a non-dispositive pretrial matter like this one, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when the reviewing court . . . is left with the definite and firm conviction that a mistake has been made." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (addressing the "clearly erroneous" standard on appeal for issues of fact); *see Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (applying the same standard to appeals of magistrate judge orders under § 636(b)(1)(A)). This standard does not permit the Court to substitute its own conclusion for that of the magistrate judge, and instead, only permits the Court to determine: (1) if there is evidence to support the magistrate judge's finding; and

(2) if the magistrate judge's finding was reasonable. *Tri-Star Airlines*, 75 F. Supp. 2d at 839.

## III. Analysis

The Court has reviewed defendant's voluminous[2] motion and believes that defendant's arguments can be summarized as follows. Defendant objects to (1) Judge Poplin issuing an order on his motions without providing him seven days to reply to the government's response; (2) Judge Poplin's conclusion that inspection of the physical cell phone and/or SD card would jeopardize the integrity of the evidence; (3) Judge Poplin's conclusion that access to the physical cell phone and/or SD card is restricted by statute; (4) Judge Poplin's ruling that defendant has access to the extraction report and data log files from his cell phone; (5) Judge Poplin's conclusion that the reason for his failure to present testimony of certain witnesses at the suppression hearing was a disagreement between defendant and defense counsel as to how to proceed; (6) Judge Poplin's conclusion that where the SD card was located when it was seized was not in dispute; (7) Judge Poplin's decision to disallow him to speak directly to the court at the suppression hearing; and (8) Judge Poplin's interpretation of defendant's challenges to the validity of the search

---

[2] Defendant is reminded of this Court's Local Rule 7.1(b), which states that briefs filed as to any motion "shall not exceed 25 pages in length unless otherwise ordered by the Court." E.D. Tenn. L.R. 7.1(b). Although defendant is proceeding pro se, he is still required to follow this Court's local rules. *See Greer v. Home Realty Co. of Memphis Inc.*, No. 2:07-cr-2639, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants are obligated to follow these rules"). Defendant is cautioned that failure to comply with Local Rule 7.1(b) may be cause for summary denial of his motions in the future.

warrant affidavit as a request for a *Franks* hearing. The Court will address each of these issues in turn.[3]

### A. Time for Reply

Defendant contends that Judge Poplin did not give him seven days to reply to the government's responses to his motions to compel production of the cell phone and SD card and to reopen the suppression hearing [Doc. 82, p. 48]. A review of the record shows that defendant filed his motions on July 6, 2021 [Docs. 57, 59], and the government responded 14 days later, on July 20, 2021 [Docs. 62, 63]. Judge Poplin then ruled on these motions on July 26, 2021, six days after the government's response [Doc. 67]. This Court's local rule provides for seven days for a litigant to reply to a responsive brief. E.D. Tenn. L.R. 7.1(a).

Nevertheless, even assuming that failure to provide defendant with an opportunity to file a reply brief was procedural error, defendant still has not met his burden in this appeal motion to show that Judge Poplin's denial of his motions was clearly erroneous or contrary to law. Although defendant does not state specifically what arguments he would have presented in his reply brief that could have changed the outcome, presumptively, the arguments contained in his appeal motion are the same arguments that defendant would have raised in his reply. But, as discussed, *infra*, the Court finds that Judge Poplin's order

---

[3] Defendant's motion [Doc. 82] is voluminous, at 103 total pages, without particular organization. The Court has addressed each of defendant's main arguments herein, but, to the extent that defendant raises any issues not specifically addressed, the Court hereby finds that such issues are frivolous and do not establish that Judge Poplin's order [Doc. 67] was clearly erroneous or contrary to law.

11

denying defendant's motion to compel production and motion to reopen the suppression hearing are not clearly erroneous or contrary to law, and, for the same reasons, the Court does not find that defendant's arguments, if presented in a reply brief, would have changed the outcome of the ruling on those motions.

**B.     Integrity of Physical Evidence**

Defendant next argues that an inspection of the physical evidence would not jeopardize its integrity [Doc. 82, p. 49]. He states that opening a cell phone does not alter the existing files, and he is willing to view files in "read only" mode with FBI agents present [*Id.* at 49, 54]. Defendant contends that he needs access to the physical cell phone and SD card so that his IT expert can perform his own extraction report using Cellebrite, as used by law enforcement, and a competitor, and comparing the reports [*Id.* at 65]. Defendant states his suspicions regarding the accuracy of the Cellebrite report and whether the FBI may have falsified the reports [*Id.* at 56–57].

Defendant's argument is ultimately disagreement with Judge Poplin's conclusion that his inspection and manipulation of the actual tangible cell phone and SD card "would compromise the integrity of the data therein" [Doc. 67, p. 3]. But defendant's argument that "opening a cell phone" does not alter its contents [Doc. 82, p. 49] is unsupported by any citation supporting such proposition. Nor does defendant address the fact that the government argued that even it is unable to access the physical cell phone or SD card, and instead, can only analyze and review the forensic copy of the data from those devices [*See* Doc. 67, p. 3]. Although neither party addresses this issue in detail, the Court can

12

imagine many ways that the use of the physical cell phone and SD card by either defendant or the government could result in evidentiary issues involving those items. Moreover, the Court notes that defendant was specifically warned that he would not be able to access the physical cell phone or SD card when he elected to proceed pro se in this matter [Doc. 48, p. 4]. Accordingly, the Court finds that defendant has not met his burden of establishing that Judge Poplin's conclusion that his accessing the physical cell phone and SD card could compromise the integrity of the data therein was clearly erroneous or contrary to law.

### C. Statutory Restriction

Defendant also contends that Judge Poplin erred in finding that his physical access to the cell phone and SD card is restricted by 18 U.S.C. § 3509(m)(1) [Doc. 82, p. 55]. Defendant states that he is willing to view the evidence at the FBI office, and therefore, the evidence will not be removed from custody [*Id.*]. Defendant also contends that he is not seeking to review any images or videos at this time, and therefore, his inspection of the cell phone and SD card is not restricted by the statute [*Id.* at 55, 58–59].

The Court agrees that § 3509(m) only relates specifically to "any property or material that constitutes child pornography," rather than devices that may contain child pornography. *See* 18 U.S.C. § 3509(m)(1). Accordingly, to the extent that defendant only sought to view the cell phone and SD card and not the pornographic content allegedly located on those devices,[4] the Court would generally agree that § 3509(m) does not apply.

---

[4] The Court notes that it does not appear that defendant made it clear in his initial motion to compel production of his cell phone and SD card that he did not seek or intend to review any videos or images contained therein.

13

However, Judge Poplin's reliance on § 3509(m) was merely an alternative grounds for denying defendant's motion to compel production of the cell phone and SD card, and, as explained *supra*, the Court finds that Judge Poplin's denial of that motion on other grounds was not clearly erroneous or contrary to law. Moreover, defendant's argument highlights difficulties that would arise in providing him with access to the physical cell phone and SD card, because, while such items themselves are not "child pornography," they allegedly contain child pornography, and the government could not remove the child pornography, such that the child pornography remained in its custody and control, as required by § 3509(m)(1), without compromising the integrity of the physical evidence. Accordingly, the Court finds that defendant has not established that Judge Poplin's conclusion that he is not entitled to inspect the physical evidence in this case is clearly erroneous or contrary to law.

### D. Access to Extraction Report and Log Data

Defendant next argues that Judge Poplin erred in finding that he has access to the extraction report and the data log files from his cell phone and SD card [Doc. 82, p. 59]. Defendant states that he only has 5,900 pages of "log files," which is not a full copy of the cell phone and SD card's contents, as the full report is allegedly 7,601 pages [*Id.*]. He states that the FBI led him to believe that it would provide him with the full extraction report, but instead, only provided the "log files" [*Id.* at 60]. Further, defendant contends that effective access requires him to inspect the digital files to sort the data [*Id.* at 60–61]. Defendant states that he needs to review the files on his cell phone and SD card because he

14

believes that the FBI both deleted and added files to his cell phone and SD card to cover up the alleged illegal search of his Google Drive [*Id.* at 61–63].

The Court notes that, in its response to defendant's initial motion to compel production, the government stated that it had provided Mr. Moffatt with the 7,601-page bookmarked and indexed extraction report of the forensic exam of defendant's phone and SD card [Doc. 62, p. 3]. The government stated that "defendant insisted upon receiving additional information in the form of 'log files' approximately 5,000 pages of which were provided to the defendant at his request" [*Id.*]. Likewise, at defendant's *Faretta*[5] hearing, Mr. Moffatt informed the Court that he had "redacted the personal identifiers from all written discovery and provided the written discovery to Defendant" [Doc. 48, p. 3]. Accordingly, it appears to the Court that defendant has access to both the "extraction report" and the "log files." Moreover, although the use of a computer may assist defendant in more efficiently reviewing the discovery in this case, it does not appear that defendant is incapable of reviewing the physical files, and defendant has cited no law indicating that a pro se defendant has a right to electronic discovery. Therefore, defendant has not met his burden of establishing that Judge Poplin's conclusion that he had this evidence was clearly erroneous or contrary to law.

### E. Reason for Failure to Present Witnesses at Suppression Hearing

Next, defendant argues that Judge Poplin erred in finding that the reason that he failed to present the testimony of several witnesses at the suppression hearing was a

---

[5] *Faretta v. California*, 422 U.S. 806 (1975).

disagreement between himself and then-defense counsel as to how to proceed [Doc. 82, p. 93]. Defendant argues that Mr. Moffatt did not disagree with him about presenting the seven police witnesses [*Id.*]. Instead, defendant asserts that the reasons for his failure to present such testimony at the suppression hearing were his inability to review certain discovery prior to the suppression hearing and the denial of his requests to view his physical cell phone and SD card [*Id.* at 68–73]. Additionally, defendant contends that he could not present the testimony of these witnesses at the suppression hearing because he was denied the opportunity to directly address the court at that hearing [*Id.* at 95].

First, defendant's assertion that he and Mr. Moffatt did not disagree as to how to proceed at the suppression hearing appears to be inconsistent with the record before the Court. Notably, at the suppression hearing, Mr. Moffatt asked to withdraw the suppression motion involving defendant's Google Drive account [Doc. 44, p. 7], which defendant now contends he did not wish to withdraw, and which apparently involved law enforcement officers that defendant now seeks to examine. Further, defendant argues now that he wished to speak directly to the court to stop the suppression hearing until the witnesses could be secured [Doc. 82, p. 95], but it is apparent from the transcript that Mr. Moffatt had no problem proceeding with the suppression hearing without the presence of such witnesses [Doc. 44, pp. 5–7]. Accordingly, the Court cannot conclude that Judge Poplin's conclusion that a disagreement between defendant and Mr. Moffatt was the reason that defendant failed to present certain witnesses at the suppression hearing was clearly erroneous or contrary to law.

16

But regardless, after concluding that this disagreement was the cause of the failure to present the witnesses at the suppression hearing, Judge Poplin assumed that such could constitute grounds for reopening a hearing, and ultimately determined that the character of the testimony at issue did not warrant reopening the suppression hearing [Doc. 67, pp. 6–7]. Defendant does not appear to contest that portion of Judge Poplin's order. Accordingly, even if defendant could show that Judge Poplin's conclusion regarding the reason for failure to present witnesses at the suppression hearing was clearly erroneous or contrary to law, he nevertheless has not shown that Judge Poplin's ultimate denial of his motion to reopen the suppression hearing was clearly erroneous or contrary to law.

### F. Dispute Over Location of SD Card

Defendant contends that Judge Poplin committed plain error in concluding that where the SD card was located when it was seized is not in dispute [Doc. 82, p. 75]. Defendant disputes the government's assertion that the SD card was located inside the cell phone at the time it was seized, and instead, contends that it was removed from his pockets during the interview [*Id.* at 75–76].

The Court has thoroughly reviewed Judge Poplin's order [Doc. 67] and cannot find any conclusion that there is no dispute regarding the location of the SD card at the time of its seizure. Instead, the closest statement the Court could locate is Judge Poplin's statement that "the issue of whether law enforcement accessed the SD card pursuant to the search warrant is not in dispute" [*Id.* at 8]. Judge Poplin continued on to state that "the question

17

is whether the search warrant authorized the examiners to search the SD card" [*Id.*]. These statements do not address the location of the SD card when it was seized. Accordingly, the Court finds that Judge Poplin did not make a finding that the location of the SD card was not in dispute, and therefore, defendant has not shown that Judge Poplin's order is clearly erroneous or contrary to law.

### G. Pro Se Correspondence With Court

Defendant further contends that Judge Poplin erred at the suppression hearing in not allowing him to speak directly to the court [Doc. 82, p. 94]. Defendant contends that there was no risk of self-incrimination, because evidence from a suppression hearing cannot be used against a defendant, but, even if there was a risk of self-incrimination, after he had been warned of that risk he should have been allowed to speak [*Id.*].

This Court's local rules state that "[w]henever a party has appeared by attorney, that party may not thereafter appear or act in his . . . own behalf," but "the Court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney." E.D. Tenn. L.R. 83.4(c). Defendant has identified no precedent indicating that a defendant, represented by counsel, inherently has a right to speak directly to the court at a hearing. Moreover, defendant apparently did not inform anyone at that point that he wished to proceed with representing himself pro se. Given that defendant was then represented by counsel, Judge Poplin had discretion to decline to hear direct statements from defendant at the suppression hearing, and therefore, defendant has not shown that

18

Judge Poplin's decision to disallow him to speak directly at the suppression hearing was clearly erroneous or contrary to law.

### H. Request Interpreted as *Franks* Hearing Request

Finally, defendant appears to protest that his arguments regarding the validity of the search warrant affidavit are not a request for a *Franks* hearing. Defendant contends that he is not required to request a *Franks* hearing for the Court to determine that the government lied or omitted material information form an affidavit [Doc. 82, p. 89].

This objection appears to be based on a misunderstanding of the applicable law. A *Franks* hearing is the procedural mechanism that district courts employ to address challenges to the validity of a search warrant on the grounds that the warrant was based on an affidavit that contained false statements. *See United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008). The Court may grant a *Franks* hearing if a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [] the allegedly false statement is necessary to the finding of probable cause." *Id.* (quoting *Franks*, 438 U.S. at 155–56). Thus, defendant's arguments regarding false statements in the search warrant affidavit are clearly related to a request for a *Franks* hearing, and Judge Poplin's interpretation of his arguments as such is not clearly erroneous or contrary to law.

## IV. Conclusion

Because defendant has provided no evidence that Judge Poplin's order [Doc. 67] denying his Motion to Compel Production of Defendant's LG Cellphone and Micro SD Card [Doc. 57] and Motion to Reopen Suppression Hearing [Doc. 59] is clearly erroneous or contrary to law, his appeal motion [Doc. 82] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE