IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:19-CR-218-TAV-DCP |
| ) | |
| GLENN FRED GLATZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Glenn Fred Glatz's *pro se* Motion for Leave to File Untimely Motion to Seek Continuance to Comply with Document 87 Ordering Defendant to File a Supporting Brief on his Google Cloud Motion in Doc. 33 [Doc. 114], Motion to Seek Continuance to Comply with Document 87 Ordering Defendant to File a Supporting Brief on his Google Cloud Motion in Doc. 33 [Doc. 115], and motion to transfer facilities [Doc. 117].[1] The parties appeared before the undersigned for a motion hearing on these motions on November 23, 2021. Assistant United States Attorneys Matthew T. Morris and Jennifer Kolman represented the Government. Defendant Glatz, representing himself, appeared along with elbow counsel Assistant Federal Defender Jonathan A. Moffatt.[2]

---

[1] Defendant sent a letter and postcard both asking to be transferred from Blount County jail, where he is currently detained, to Knox County jail. This letter and postcard were docketed in a single document as a motion on November 12, 2021 [Doc. 117].

[2] On June 8, 2021, the undersigned found that Defendant Glatz knowingly and voluntarily waived his right to counsel, permitted Defendant to represent himself, and appointed Mr. Moffatt as elbow counsel [Doc. 48].

Defendant asks for more time to file a brief in support of a Motion to Suppress Evidence Obtained from Google Drive Cloud Storage Service [Doc. 33], previously filed by counsel, and asks to be transferred to another jail. The Court examines each of these issues in turn.

I. ADMISSIBILITY OF EVIDENCE FROM GOOGLE DRIVE CLOUD STORAGE

Before addressing the substance of Defendant's request [Docs. 114 & 115] for a two-month extension of his deadline for filing a brief in support of a suppression motion, the Court briefly recounts how we got to this point. Approximately one year ago, Defendant, who was then represented by counsel, asked to file two suppression motions beyond the motion deadline[3] [Doc. 30]. One of these motions sought to suppress all evidence obtained from the warrantless search of three Google Drive accounts [Doc. 30-1]. The Government did not object to the belated filing [Doc. 31], and the Court granted Defendant's request to file the motions out of time, setting deadlines for the new motions and responses [Doc. 32].

On January 6, 2021, Defendant filed the Motion to Suppress Evidence Obtained from a Google Cloud Storage Service and Memorandum in Support [Doc. 33] ("the Google Drive suppression motion"), asking to suppress "all evidence obtained from the search of a Google Drive cloud account." The motion alleges that law enforcement seized 65,151 images and 677 videos from three Google Drive accounts without a search warrant. Defendant argues that the images and videos did not exist on the Defendant's cellular telephone and were presumably accessed through an application on the cellphone. He maintains that a June 6, 2018 search warrant for his cellular telephone did not permit a search of cloud storage. Defendant attached to his motion a Federal Bureau of Investigation ("FBI") report dated May 14, 2019, summarizing the evidence located in

---

[3] The last motion deadline in this case expired on June 19, 2020 [*see* Doc. 18, p.3].

an extraction of data from Defendant's cellular telephone [Doc. 33-1]. The final page of the report states that Defendant has three Google Drive accounts, gives the number of images and videos extracted, and gives the subset of images and videos suspected to be child pornography [Doc. 33-1, p.3].

On January 20, 2021, the Government responded [Doc. 36] that Defendant's motion is based on an "incorrect inference" from the FBI report that the FBI downloaded images and videos from Defendant's Google Drive accounts. Instead, the Government explained that the report states that Defendant's phone contained evidence that Defendant accessed three Google Drive accounts. "However, when the FBI forensically extracted data from the phone for the forensic examination, the phone was not connected to the internet . . . nor were the files downloaded from his Google account; rather, the FBI uncovered the digital images and videos directly from the phone" [Doc. 36, p.1]. Thus, the Government argued the Defendant's motion should be denied as moot.

The parties appeared for a motion hearing on Defendant's four pending suppression motions on April 14, 2021. AUSA Morris represented the Government, and Defendant was represented by Mr. Moffatt. Mr. Moffatt stated that he was withdrawing the Google Drive suppression motion [*see* Doc. 44, Transcript of April 14, 2021 Hearing, p.7]. Mr. Moffatt said that he would meet with an FBI computer expert to ask about additional documents relating to this issue but that he was not proceeding on the motion [Doc. 44, p.7]. Defendant wanted to address the Court on this matter, but the Court declined to hear Defendant, instructing him to relay his comments to counsel, who could determine whether they should be shared with the Court [Doc. 44, pp.7-10]. Mr. Moffatt advised Defendant not to speak on the matter [Doc. 44, p.10].

On June 8, 2021, the Court held a *Faretta* hearing to determine whether Defendant would be permitted to represent himself. At that hearing, the Court stated it would hold Mr. Moffatt's

3

oral motion to withdraw the Google Drive suppression motion in abeyance, while Defendant determined whether he would pursue the motion. On July 22, 2021, the Court generally approved Defendant's request for an Information Technology ("IT") expert but found Defendant would have to select and hire his own IT expert [Doc. 66]. The Court also extended Defendant's deadline for determining whether to pursue the Google Drive suppression motion to August 23, 2021, to give Defendant time to confer with an IT expert [Doc. 66].

At the August 23, 2021 pretrial conference and motion hearing, Defendant Glatz stated that he wanted to pursue the Google Drive suppression motion [*see* Doc. 87]. He requested time to complete his review of more than 5,000 pages of information relating to data extracted from his cellphone and SD card and to review with counsel a 7,600-page extraction report before filing a brief on the Google Drive suppression motion. The Court set a deadline of October 29, 2021, for Defendant's brief and set an evidentiary hearing on the Google Drive suppression motion on November 23, 2021.

On October 28, 2021, Defendant requested leave [Doc. 114] to file a motion to extend his deadline to file a brief on the Google Drive suppression motion by two months [Doc. 115]. Defendant contends that he has not been able to hire an IT expert, because he cannot select the automated prompts on answering services using the telephone at the jail. Defendant seeks to have his IT expert assess the information in the 5,900-page "log files" and "verify[] Defendant's claims that his Google Drive account files are being shown on the log files the FBI provided him" [Doc. 115, p.2]. Defendant also asks the Court to order the Blount County jail to allow him to use a "landline" telephone to contact potential experts. He states that jail personnel may be present while he calls experts from this telephone.

4

The Government responded in opposition to Defendant's request for a two-month extension of his briefing deadline [Doc. 116]. It asks the Court to deny Defendant's request for additional time to file a brief to support the Google Drive suppression motion, because "there is nothing to suppress" [Doc. 116, p.1]. It states that it has not obtained any evidence from Defendant's Google Drive cloud storage and, despite his review of 5,900-pages of records, Defendant has provided no support for his speculation that the FBI accessed his Google Drive cloud storage, nor explained how an IT expert would assist him. It contends that Defendant has previously stated that the "'directory file addresses of Google Drive'" contain zero bytes for the file size (i.e., they contain no files from Defendant's Google Drive account) [Doc. 116, pp.1-2 (quoting Doc. 58, Defendant's Motion for an IT Expert, p.1)]. Again referring to (and attaching, Doc. 116-1) the FBI report of May 2019, the Government explains that the report states Defendant had three Google Drive accounts but provides no basis for finding that the FBI accessed those accounts. The Government states the Defendant's continued efforts to pursue the Google Drive suppression motion only serve to burden the Government with records requests and waste judicial resources.

At the November 23 motion hearing, Defendant requested an extension of time to file a brief in support of the Google Drive suppression motion, due to difficulties in hiring an IT expert.[4] AUSA Morris responded that the FBI did not seize any information from Defendant's Google Drive cloud storage and that the Government will stipulate here and at trial that it will not use any information from Defendant's Google Drive cloud storage, because it has not obtained any information from Defendant's Google Drive cloud storage. He said that the Defendant's cellphone

---

[4] The Court will review the Defendant's difficulties in the next section on his request to transfer facilities.

contains "artifacts" showing that the Defendant's cellphone was connected to Google Drive accounts but those artifacts do not mean that the FBI accessed the Google Drive accounts. He stated that the forensic examiner took steps to ensure that the Defendant's cellphone was isolated from the internet during the extraction.

AUSA Morris also argued that a two-month extension would inevitably result in a continuance of the March 1, 2022 trial date. He said the facts underlying the charge in the Indictment are from December 2016, when Defendant attempted to manipulate a child to take pornographic photographs of herself and send them to him. AUSA Morris said Defendant began communicating with that child in late 2014, so the proof in this case goes back seven years. Also, he stated that the Government intends to call that individual (the child with whom Defendant communicated), who lives in Bulgaria, as a witness at trial. Thus, AUSA Morris stated that delaying the trial yet again prejudices the Government.

The Court finds that the Government will stipulate that it will not introduce any evidence seized from Defendant's Google Drive cloud storage. Thus, while it appears that the FBI did not access Defendant's Google Drive cloud storage when it searched Defendant's cellular telephone, even if it did, the Government agrees not to use that evidence. The Court finds this stipulation gives Defendant Glatz the relief he seeks in the Google Drive suppression motion, exclusion of any evidence seized from his Google Drive cloud storage. Accordingly, Defendant's Motion to Suppress Evidence Obtained from a Google Cloud Storage Service and Memorandum in Support [**Doc. 33**] is **DENIED as moot**. Defendant's request [**Docs. 114 & 115**] for a two-month extension of his deadline to file a brief in support of that motion is also **DENIED as moot**.

## II. REQUEST TO TRANSFER TO DIFFERENT DETENTION FACILITY

Defendant asks the Court to order his transfer to another detention facility, because he has no access to a law library, writing supplies, a telephone, or his elbow counsel at the Blount County jail, where he is detained [Doc. 117]. Defendant states that jail staff transferred him from pod C4 to pod D6 to separate him from inmates whom he claims extorted $150 from him and then falsely told jail staff that they were "incompatible" with him. He also states that jail staff took away his visitation and telephone privileges for sixty days. As a result of this move and restriction, Defendant contends his ability to represent himself is compromised. He argues that in pod D6, his access to the law library is restricted to the one-hour he has out of his cell daily for hygiene, exercise, and other activities. He also states that the kiosk in pod D6 on which he accesses the law library is broken. Defendant asserts that he has no access to pens, paper, and envelopes in pod D6 and cannot meet with elbow counsel to get these supplies. Defendant states that restrictions on telephone use have prevented him from conferring with elbow counsel on the hiring of an IT expert or the status of a disk expected from the Government in discovery.

At the November 23 hearing, Defendant Glatz stated that he has a list of thirteen persons or organizations that he would like to contact regarding hiring an IT expert. However, Defendant Glatz said he has not been able to contact those persons because the automatic "operator" (message system) on the jail telephone cannot communicate with an automatic answering service on the recipient's side. Mr. Glatz stated that elbow counsel had advised him that some of the organizations on his list, such as Metro PCS or the Best Buy Geek Squad, would not be able to assist him as an expert in this case, but he did not understand Mr. Moffatt's explanation of why they could not assist him or serve as IT experts.

Mr. Moffatt said he told Defendant Glatz about two potential experts—a lawyer in New York who has served as an expert in child pornography cases and a local individual who previously worked for the Federal Defender Services of Eastern Tennessee ("FDS")—but Defendant did not want to hire either of those people. Mr. Moffatt said he contacted an expert, whom Defendant found referenced in a case, but that individual declined to serve as an expert for Defendant, because he works as a government contractor. Mr. Moffatt said he also knew of a group from Nashville, but he had not discussed this option with Defendant.

Defendant said he preferred a local expert, because he intended to ask the expert to perform a new Cellebrite extraction on his cellular telephone and SD card.[5] Defendant said he would be interested in meeting with the local expert mentioned by Mr. Moffatt. However, he said he has a communication problem in contacting any of the potential experts due to the telephone that inmates must use. Defendant proposed using a telephone in the jail's booking area, with Mr. Moffatt present, to call the individuals and companies on his list. Mr. Moffatt expressed doubts that calling the individuals and businesses on the Defendant's list would be an effective way to hire an IT expert. The Court cautioned Defendant to heed the advice of elbow counsel in choosing whom to contact as a potential expert. Defendant was amenable to contacting two or three potential experts before selecting one. Defendant acknowledged that he had not attempted to contact potential IT experts by writing to them.

Regarding Defendant's other reasons for requesting a transfer to another detention facility, Defendant stated that Blount County jail had now provided him with writing supplies, with the

---

[5] The Court notes that it has already ruled [Doc. 67] that Defendant cannot manipulate the cellphone and SD card, due to the potential to compromise the integrity of the data. Defendant appealed this ruling, which was upheld by District Judge Varlan [Doc. 107].

8

exception of stamped envelopes, which Mr. Moffatt agreed to get for him. Defendant stated that he had been allowed to use the law library kiosk for one hour two weeks ago. He stated that this limited access is not sufficient for him to represent himself. Defendant stated that he has not accessed the law library in the last two weeks because the kiosk was broken for one week and because he has been moved to "the hole," where he has two thirty-minute periods out of his cell to take showers and to use the kiosk for making medical or administrative requests, in addition to using it to access the law library. He stated that his cellmates also need to use the kiosk during that thirty-minute period. Defendant said he was moved to the hole on October 7, 2021, to separate him from two prisoners who extorted him and made false accusations against him. Defendant Glatz said he must remain in the hole until these two prisoners are no longer housed in his former dorm.

Defendant said his telephone and visitation privileges were taken away for sixty days, until January 2, 2022, as discipline for transferring money to another inmate. As a result, he cannot use the telephone at all and, thus, has no access to Mr. Moffatt. Mr. Moffatt agreed that inmates typically cannot contact counsel by telephone if their phone privileges are restricted for a disciplinary infraction and confirmed that he has not been receiving calls from Defendant Glatz.

AUSA Morris stated that the Government takes no position on Defendant's request to be moved to another facility. However, he informed the Court of an October 7, 2021 incident report from Blount County jail that contradicts Defendant's assertion that he was moved to another pod because other inmates made false allegations against him. The report states that an inmate reported that Defendant was harassing him and that Defendant told the inmate that Defendant wanted to perform oral sex on him, which the inmate refused. According to the report, the day after the inmate gave that information to jail staff, the inmate awoke to find an unknown person had

9

Case 3:19-cr-00218-TAV-DCP Document 124 Filed 12/09/21 Page 9 of 13 PageID #: 2644

ejaculated on his uniform. The report relates that two other inmates corroborated the complaining inmate's account that Defendant had been sexually harassing the complaining inmate. AUSA Morris said these allegations of the complaining inmate resulted in Defendant being labeled a sexual predator and placed on lockdown. AUSA Morris said Defendant may be placed on lockdown even if moved to another detention facility.

Defendant Glatz denied knowing the allegations made by the complaining inmate and said they are false.

The Court finds Defendant's request to be transferred to another detention facility should be denied. First, the Court observes that it leaves matters of securing and housing pretrial detainees to the United States Marshals Service. The Court makes no finding on the substance of the allegations against Defendant Glatz made by the complaining inmate.[6] Instead, the Court finds that Defendant must use the administrative procedures available to him at the jail to appeal a disciplinary action. Second, the Court finds that now that the Blount County jail has classified Defendant as an inmate who must be segregated from other inmates, Defendant may be segregated from other inmates at other detention facilities. Thus, transferring facilities is not likely to give Defendant relief from the restrictions that he seeks.

The Court also finds that three of the Defendant's four reasons for seeking transfer can or have been ameliorated. Defendant agrees that he now has access to writing supplies. With regard to lack of access to the telephone for contacting elbow counsel and potential experts, the Court finds that Defendant's telephone access has been restricted until January 2, 2022, for disciplinary

---

[6] The Court notes that Defendant appears to acknowledge that he violated the rule against transferring money to another inmate.

10

Case 3:19-cr-00218-TAV-DCP Document 124 Filed 12/09/21 Page 10 of 13 PageID #: 2645

reasons.[7]  The Court finds that during this time of limited access, Defendant may contact counsel and potential experts in writing.  Once Defendant's telephone and visitation privileges are restored, Defendant, with the help of elbow counsel, may seek to use the telephone in the booking area, which he has previously been allowed to use to call Mr. Moffatt, to contact his IT expert.[8]  The Court **strongly advises** Defendant to heed the advice of Mr. Moffatt on the qualifications of potential IT experts and to talk with those experts recommended by Mr. Moffatt.  In this regard, the Court observes that Defendant's time to talk to potential experts will be limited and Defendant needs to make focused efforts to locate an IT expert given the nearness of trial.

Finally, Defendant contends that his access to the law library is unduly restricted because he cannot use the kiosk more than one hour per day, during which time the kiosk must be shared with other inmates and Defendant must conduct other activities such as showering and requesting a medical visit.  The Court observes that the motion deadline in this case has long expired and briefing is completed on Defendant's motions to suppress evidence.  Thus, the Court deems Defendant's need for law library access to be somewhat less than it was earlier in this case.  Also, it does not appear that transfer to another facility will necessarily improve Defendant's access to a law library.  Thus, the Court declines to order the Defendant's transfer to another facility for this reason at this time.  The Court directs elbow counsel to consult with the United States Marshals about possible solutions to expand Defendant's access to the law library while in pod D6 at the Blount County jail.  If these efforts are not fruitful and if Defendant has a need for greater access

---

[7] Mr. Moffatt stated that the jail may restrict Defendant's access to a telephone beyond January 2, 2022.  If this becomes an issue, Defendant may raise it again with the Court at that time.

[8] If Blount County jail declines to allow Defendant to have access to a telephone in the presence of counsel to contact an IT expert, Mr. Moffatt should first explore options with the United States Marshals Service, before filing a motion with the Court.

to a law library to represent himself *in this criminal case*, then Defendant may again seek the Court's intervention. Accordingly, Defendant's motion for transfer to another detention facility [**Doc. 117**] is **DENIED**.

III. **CONCLUSION**

For the reasons discussed herein, the Court **ORDERS** as follows:

(1) The Defendant's Motion to Suppress Evidence Obtained from a Google Cloud Storage Service and Memorandum in Support [**Doc. 33**] is **DENIED as moot**, because the Government stipulates it will not use any evidence seized from Defendant's Google Drive cloud storage at trial;

(2) By the deadline for filing motions *in limine*, the Government is **ORDERED** to file a written stipulation that it will not use any evidence seized from Defendant's Google Drive cloud storage. The Government shall attach to this stipulation the sworn affidavit of the agent or employee who conducted the extraction of data from Defendant's cellular telephone and SD card stating what data, if any,[9] was seized from Defendant's Google Drive cloud storage;

(3) Defendant's Motion for Leave to File Untimely Motion to Seek Continuance to Comply with Document 87 Ordering Defendant to File a Supporting Brief on his Google Cloud Motion in Doc. 33 [**Doc. 114**] and Motion to Seek Continuance to Comply with Document 87 Ordering Defendant to File a Supporting Brief on his Google Could Motion in Doc. 33 [**Doc. 115**] are also **DENIED as moot**; and

(4) Defendant's motion for transfer to another detention facility [**Doc. 117**] is **DENIED**. Defendant is **DIRECTED** not to file additional motions seeking transfer to another facility until he has exhausted the administrative avenues stated in this Memorandum and Order; and

---

[9] The Court finds it has seen no proof that law enforcement accessed Defendant Glatz's Google Drive cloud storage when extracting the data from Defendant Glatz's cellphone and SD card. However, because the Government stipulates it will not use this evidence, the undersigned has not taken proof on this issue. By requiring this affidavit, the Court is not questioning the Government's assertion that no data was seized from Defendant's Google Drive cloud storage. Instead, the Court is merely attempting to assist the District Judge with implementation of the stipulation at trial.

12

(5) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Glatz.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge