UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLENN FRED GLATZ, )<br>)<br>Defendant. ) | No.: 3:19-CR-218-TAV-DCP-1 |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's appeal [Doc. 128] of United States Magistrate Judge Debra C. Poplin's order [Doc. 124] denying defendant's motion to suppress and requests for an extension to file additional briefing as moot and denying defendant's request for transfer to a different jail facility. For the reasons discussed below, defendant's appeal [Doc. 128] is **DENIED**.

**I.    Background**

The Court presumes familiarity with the facts of this case. Accordingly, the Court will only provide a brief synopsis of the facts relevant to the instant motion.

In December 2019, defendant was indicted on nine separate child pornography related offenses [Doc. 1]. Defendant was initially appointed a federal public defender to represent him [Doc. 8]. Defendant, through counsel, filed several motions to suppress, including, of relevance, a Motion to Suppress Evidence Obtained from a Google Cloud Storage Service and Memorandum in Support ("Google Drive suppression motion") [Doc. 33]. In April 2021, Judge Poplin conducted a suppression hearing [Doc. 44]. At that

hearing, Assistant United States Attorney ("AUSA") Matthew Morris indicated that he believed, based on his conversations with defense counsel, Jonathan Moffat, that the Google Drive suppression motion was moot based on Mr. Moffatt having met with the Federal Bureau of Investigation ("FBI") [*Id.* at 5–6]. In response to that statement, Mr. Moffatt and defendant engaged in a private conversation, which led the Court to take a recess to allow defendant to consult with his counsel [*Id.* at 6]. After the recess, Mr. Moffatt stated that he was withdrawing the Google Drive suppression motion [*Id.* at 7].

Defendant then requested to speak to the Court on this issue [*Id.* at 7–8]. Judge Poplin informed defendant that, because he was represented by counsel, he should speak to Mr. Moffat and Mr. Moffatt could relay whatever he felt was appropriate for the Court to hear [*Id.* at 8]. Defendant continued to request to speak directly to the Court [*Id.* at 9–10]. Judge Poplin ultimately declined to allow defendant to make a statement to the Court [*Id.* at 10].

On May 6, 2021, Judge Poplin held another hearing on pretrial motions, at which point defendant advised the court that he wished to proceed pro se in this criminal matter, while having Mr. Moffatt serve as elbow counsel [Doc. 46]. Judge Poplin permitted defendant to waive his right to counsel and proceed with representing himself and held counsel's oral motion to withdraw the Google Drive suppression motion [Doc. 33] in abeyance, allowing defendant to determine whether he wished to pursue such motion [Doc. 48, p. 5].

In August 2021, defendant informed the Court that he wanted to pursue his Google Drive suppression motion and requested additional time to file a brief on the matter [Doc. 87]. The Court set a deadline for briefing and set an evidentiary hearing on the motion. Defendant then filed a motion to extend the deadline brief by an additional two months [Doc. 114]. Ultimately, at the November 23, 2021, motion hearing on this matter, AUSA Morris argued that the government had not obtained any information from defendant's Google Drive cloud storage, and therefore, agreed to stipulate that the government would not use any information from defendant's Google Drive cloud storage [Doc. 124, pp. 5–6]. Judge Poplin denied defendant's motion to suppress and motion for extension of time to file a brief on the motion to suppress as moot, based on the government's stipulation not to use any information from defendant's Google Drive cloud storage [*Id.* at 6].

While his Google Drive suppression motion was pending, on November 12, 2021, defendant filed a motion to transfer detention facilities [Doc. 117]. In his motion, defendant cited the fact that he had no access to a law library, writing supplies, a telephone, or elbow counsel at the Blount County jail, where he is housed in solitary confinement to separate him from other inmates [*Id.*]. Judge Poplin denied defendant's request, finding that many of the grounds for transfer had or could be ameliorated, and that defendant could be separated from other inmates in another detention facility, just as in the Blount County jail [Doc. 124].

## II. Standard of Review

For this Court to overturn a magistrate judge's decision on a non-dispositive pretrial matter like this one, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when the reviewing court . . . is left with the definite and firm conviction that a mistake has been made." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (addressing the "clearly erroneous" standard on appeal for issues of fact); *see Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (applying the same standard to appeals of magistrate judge orders under § 636(b)(1)(A)). This standard does not permit the Court to substitute its own conclusion for that of the magistrate judge, and instead, only permits the Court to determine: (1) if there is evidence to support the magistrate judge's finding; and (2) if the magistrate judge's finding was reasonable. *Tri-Star Airlines*, 75 F. Supp. 2d at 839.

## III. Analysis

### A. Google Drive Suppression Motion

In his appeal motion, defendant states that he "accept[s] the net result of the Honorable Judge Poplin's ruling as DENIED as moot" on the issue of his Google Drive suppression motion, given the government's stipulation not to use such evidence at trial [Doc. 128, p. 1]. However, defendant contends that Judge Poplin's order contains various "false statements," to which he objects [*Id.*].

Specifically, defendant objects to Judge Poplin's finding that the Court "has seen no proof that law enforcement accessed Defendant Glatz's Google Drive cloud storage" [*Id.* at 2; Doc. 124, p. 12, n.9]. Defendant contends that he has made clear that he needs his own expert to conduct an investigation and has further provided evidence that the FBI accessed his Google Drive accounts [Doc. 128, pp. 2–4]. Defendant also objects to Judge Poplin's summary of a portion of the government's argument [*Id.* at 4; Doc. 124, p. 5 (citing Doc. 116, pp. 1–2)]. Finally, defendant objects to Judge Poplin's factual summary that, at a suppression hearing on April 14, 2021, "Defendant wanted to address the Court on this matter," referring to Mr. Moffatt's request to withdraw the Google Drive suppression motion [*Id.* at 6; Doc. 124, p. 3 (citing Doc. 44, pp. 7–10)]. Defendant states that there were multiple issues of "extreme importance" that he needed to discuss at the suppression hearing, and Judge Poplin "seems to come to the conclusion that she knows what pro se Defendant Glenn Fred Glatz wanted to address the Court about when four times she refused to allow him to speak" [*Id.* at 6–7].

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Relatedly, standing, a jurisdictional issue, "requires that a party have an actual injury or claim." *United States v. Andriacco*, 106 F. Supp. 2d 991, 995 (S.D. Ohio 1999) (quoting *McCafferty v. Centerior Serv. Co.*, 188 F.3d 508 (6th Cir. 1999)). "In evaluating a party's' standing the court must determine whether the party has alleged such a personal stake in the outcome of the

5

controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.* (internal quotation marks omitted). Thus, "a party may not appeal from a judgment or decree in his favor, for the purposes of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *Id.* (quoting *In re O'Brien*, 184 F.3d 140, 141 (2d Cir. 1999)) (internal quotation marks and alterations omitted); *see also McCafferty*, 188 F.3d at 508 ("If an appellant is complaining not about a judgment but about a finding . . . the appeal does not present a real case or controversy.").

Here, the Court finds that defendant lacks standing to appeal the portion of Judge Poplin's order that relates to his Google Drive suppression motion. Judge Poplin ultimately denied defendant's Google Drive suppression motion as moot based on the government's stipulation that it would not use any evidence obtained from defendant's Google Drive, the exact evidence that defendant's motion sought to exclude [Doc. 124]. Moreover, defendant appears to agree that Judge Poplin was ultimately correct in denying his Google Drive suppression motion as moot in light of the government's stipulation [Doc. 128, p. 1]. Thus, in light of the *de facto* success of his Google Drive suppression motion, defendant cannot now challenge "findings he deems erroneous which are not necessary to support" Judge Poplin's order. *See Andriacco*, 106 F. Supp. 2d at 995. To hold otherwise would waste the Court's limited time and resources on a motion that has already been resolved in defendant's favor. Accordingly, defendant's appeal of Judge Poplin's order on his Google Drive suppression motion is **DENIED** for lack of jurisdiction.

6

Furthermore, to the extent that defendant's arguments can be construed as a challenge to some portion of the evidentiary hearing held before Judge Poplin, based on Judge Poplin's denial of his request to speak directly to the Court, the undersigned has fully addressed that issue, and refers defendant to the Court's prior order on that matter [Doc. 107, pp. 18–19].

### B. Jail Transfer Request

As to his request for a jail transfer, defendant objects to Judge Poplin's conclusion that "now that the Blount County jail has classified Defendant as an inmate who must be segregated from other inmates, Defendant may be segregated from other inmates at other detention facilities" [Doc. 128, p. 8; Doc. 124, p. 10]. Defendant argues that he has not been classified as an inmate who must be segregated from other inmates, but instead, is being separated from "two or so" inmates that "made complaint(s) of 'incompatibility'" [Doc. 128, p. 8]. Defendant also claims that AUSA Morris falsely claimed to be reading from an October 7, 2021 incident report and falsely claimed that Blount County has labeled defendant a sexual predator," an allegation defendant claims AUSA Morris "made . . . up himself" [*Id.* at 9]. Defendant states that he was not found guilty, nor adjudicated, nor any rulings made concerning one inmate's accusation of sexual harassment against him, and contests the factual basis for such sexual harassment claim [*Id.* at 10–13].

Ultimately, defendant's appeal of Judge Poplin's order denying his request for transfer to a new detention facility asks the Court to address the merits of a jailhouse dispute, which the Court declines to do. It is clear from the record that the Blount County jail has deemed defendant an inmate that must be separated from at least some other

inmates, based on prior incidences. Whether the basis for this decision was "incompatibility," as defendant claims, or allegations of sexual harassment, as the government claims, Blount County's decision to place defendant in solitary confinement indicates a finding that defendant must be separated from at least some other inmates. And defendant has not explained how Judge Poplin's conclusion that defendant may remain segregated at a different facility is clearly erroneous or contrary to law.

Regardless, defendant's appeal does not even reference several other reasons Judge Poplin provided for denying defendant's request for a facility transfer. Specifically, Judge Poplin stated that this Court leaves matters of securing and housing pretrial detainees to the United States Marshals Service and that defendant must use administrative procedures available to him at the jail to appeal a disciplinary action [Doc. 124, p. 10]. Judge Poplin also found that three of defendant's four reasons for seeking transfer can or have been ameliorated [*Id.*]. The Court finds that these conclusions are well-founded, not opposed in this appeal, and serve as adequate grounds for the denial of defendant's motion to transfer. Accordingly, because defendant has not shown that Judge Poplin's denial of his motion to transfer was clearly erroneous or contrary to law, defendant's appeal of this order is **DENIED**.

**IV.** **Conclusion**

For these reason's defendant's appeal [Doc. 128] or Judge Poplin's order [Doc. 124] denying defendant's motion to suppress and requests for an extension to file

8

additional briefing as moot and denying defendant's request for transfer to a different jail facility is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE