IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-218-TAV-DCP |
| | ) | |
| GLENN FRED GLATZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case came before the undersigned by video on February 16, 2022, for a pretrial conference on the status of the case. Assistant United States Attorneys Matthew T. Morris and Jennifer Kolman appeared by video representing the Government. Defendant Glenn Glatz appeared by video, representing himself. Assistant Federal Defender Jonathan A. Moffatt appeared by video as elbow counsel for Defendant Glatz. The Court observed that the trial of this case is presently set for March 1, 2022. The Court referenced the multiple pending motions, including the motions to suppress evidence [Docs. 19, 20, & 34], the resolution of which cannot be accomplished before the current trial date.

Defendant Glatz made an oral motion to continue the trial. He informed the Court that he recently hired an information technology expert ("IT expert"). Mr. Moffatt added that the IT expert was formally hired on February 15, 2022, and was forwarded materials to review on that day. Defendant stated that his IT expert will need time to review the data extracted from his cellular telephone and to perform his own extraction of data from the original evidence. Defendant also wants rulings on his pending motions, especially his motions to suppress evidence and his

motion for a *Franks* hearing. AUSA Morris agreed that a continuance is necessary in light of the current status of the case and Defendant's need to consult with his expert.[1] He said that the Government does not oppose a continuance of the trial. The parties agreed on a new trial date of July 26, 2022.

The Court finds Defendant's oral motion to continue the trial to be unopposed by the Government and well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that Defendant has filed three dispositive motions, asking to suppress evidence and for a *Franks* hearing. 18 U.S.C. § 3161(h)(1)(D). Defendant has filed extensive post-hearing briefs on these motions and numerous exhibits. Defendant also seeks to raise other issues, including technical issues relating to the extraction of data from his cellular telephone and SD card. The Court has Defendant's multiple pretrial motions under advisement. 18 U.S.C. § 3161(h)(1)(H). The Court finds that due to the existence of novel and extensive issues of fact and law raised in Defendant's motions, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" the Court typically applies under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Court finds this case to be complex for speedy trial purposes.

Additionally, the Court finds that Defendant, who is representing himself, has recently hired an IT expert. Defendant's expert needs time to review the voluminous materials related to

---

[1] In response to the Court's inquiry about whether the complete Cellebrite extraction report was provided to Defendant, AUSA Morris said he provided the Cellebrite report to elbow counsel, and Mr. Moffatt confirmed that he received it. Defendant Glatz stated that two values that he requested, the auto time and auto time zone values, were not included in the Cellebrite extraction report. AUSA Morris suggested that Defendant's IT expert should coordinate with the FBI forensic analyst to obtain the information the Defendant wants and to have access to the forensic image of the cellphone and SD card. He stated that if Defendant's IT expert deemed it necessary to access the original evidence, that matter could be brought before the Court.

the extraction of data from Defendant's cellular telephone and SD card. Defendant needs time to consult with his expert in preparation for trial. The Court finds that requiring Defendant to proceed to trial in two weeks, without having time to utilize his IT expert would be a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Finally, the Court finds that Defendant needs time to prepare for trial after consulting with his IT expert and receiving rulings on his pending motions. Thus, the Court finds that without a continuance, Defendant will not have the reasonable time necessary to prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).[2]

Defendant's oral motion to continue the trial is **GRANTED**, and the trial is **CONTINUED** to **July 26, 2022**. The Court finds that all the time between the **February 16, 2022** pretrial conference and the new trial date of **July 26, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Court also sets a new schedule in this case, which is set out in detail below.

The Court **ORDERS** as follows:

(1) Defendant Glatz's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 26, 2022**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the pretrial conference on **February 15, 2022**, and the new trial date of **July 26, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court declares this case to be **COMPLEX** for speedy trial purposes;

---

[2] The Speedy Trial Act permits the Court to continue a trial to further the ends of justice based on *counsel's* need for additional time for effective preparation, despite the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that this factor also applies to Defendant Glatz, who is representing himself. However, even aside from this provision, the Court finds that requiring Defendant to proceed to trial before receiving rulings on his dispositive motions would be a miscarriage of justice, at least where it does not appear that Defendant is acting to deliberately delay the proceedings. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

3

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **June 27, 2022**;

(6) Defendant's deadline for filing a motion asking the Court to reappoint elbow counsel as counsel for Defendant Glatz and for Mr. Moffatt to represent him at trial is **June 27, 2022**;

(7) As an attachment to its Stipulation [Doc. 134], the Government shall file the sworn affidavit of the agent or employee who conducted the extraction of data from Defendant's cellular telephone and SD card stating what data, if any, was seized from Defendant's Google Drive cloud storage. This affidavit shall be filed on or before **June 27, 2022**;[3]

(8) Motions *in limine* must relate to the presentation or exclusion of evidence at trial or other trial matters and must be filed no later than **July 11, 2022**;

(9) The parties shall appear before the undersigned for a final pretrial conference on **July 12, 2022, at 1:30 p.m.** The parties will be notified at a later date whether the pretrial conference will be conducted by video conference or in person;

(10) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4., shall be filed on or before **July 15, 2022**; and

(11) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Glatz at the Blount County Detention Center.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[3] The Court previously directed the Government to file this affidavit as an attachment to its stipulation [Doc. 124, p.12]. The Court orders this affidavit to assist the District Judge in implementing the stipulation at trial.