IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:19-CR-218-TAV-DCP ) |
| GLENN FRED GLATZ, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Glenn Fred Glatz's *pro se* Motion for Leave of Court to File Untimely Motion for Continuance of Deadline for Defendant to File Motion(s) Related to Issues Emanating from His Expert's Investigations [Doc. 152], filed on September 30, 2022.[1] The Court set a deadline of October 4, 2022, for Defendant Glatz to file a motion for leave to file any motion based upon his information technology ("IT") expert's investigation [Doc. 149]. Defendant now asks to file a motion to extend the time for motions relating to his IT expert's investigation, arguing that his request is timely, given the recent setting of the October 4 deadline and that he is seeking additional funding for his expert. In the attached motion for extension, Defendant asks the Court to extend the October 4 motion deadline twelve weeks to January 4, 2023, to allow time for him to secure expert funding, for his expert to perform an analysis of the data from Defendant's cellular telephone and SD card, for him to confer with his expert and elbow counsel, and for him to prepare and file motions. As explanation for the delay, Defendant states confidential communications with

---

[1] On June 8, 2021, the undersigned found that Defendant Glatz knowingly and voluntarily waived his right to counsel, permitted Defendant to represent himself, and appointed former defense counsel Assistant Federal Defender Jonathan A. Moffatt as elbow counsel [Doc. 48].

his expert, who is out of state, are difficult and that Defendant has been working to secure the needed funding for his expert.

The Government responds in opposition to the motion for leave and the requested extension of the motion deadline [Doc. 154]. It asserts that Defendant announced at a hearing on June 23, 2022, that his expert began reviewing materials in May 2022 and that he would be seeking additional funding for further investigation by his expert. The Government argues that Defendant has purportedly been seeking additional funding for over three months with no apparent progress on that step. Moreover, it objects to an extension of the motion deadline to January 2023, observing that the trial of this case was specially set for February 7, 2023, and a three-month extension of a motion deadline would require a continuance of the trial, which has already been moved five times. The Government asks the court to deny Defendant's motion and to preserve the February 7, 2023 trial date.

Defendant Glatz replies that he is entitled to a fair trial, that his expert's investigation is critical to his defense, and that his proposed new motion deadline of January 4, 2023, would preserve judicial resources by preventing the Court from addressing repeated requests to extend the motion deadline [Doc. 155]. Additionally, Defendant calls on the Government to provide his expert access to the materials needed to conduct his forensic evaluation, thereby avoiding delay.

As an initial matter, the Defendant's motion for leave to file the motion to extend the motion deadline [**Doc. 152**] is **GRANTED**, and the Court will consider Defendant's attached, proposed Motion for Continuance of Deadline for Defendant to File Motion(s) Related to Issues Emanating from his Expert's Investigations [Doc. 152-1]. Although the deadline for filing pretrial motions expired on June 19, 2020 [*see* Doc. 18], the Court set the October 4, 2022 deadline for motions relating to Defendant's IT expert's investigation on August 9, 2022. Defendant sought to

extend that deadline on September 30, 2022, stating that it was impossible to meet it. Thus, the Court finds the motion for extension was filed within an appropriate time.

The Court finds, however, that Defendant's request to extend the motion deadline three months must be denied. At a hearing on July 22, 2021, the Court generally approved Defendant's request for an IT expert but found Defendant would have to select and hire his own IT expert, including seeking Criminal Justice Act ("CJA") funding for his expert [Doc. 66]. At a hearing on November 23, 2021, Defendant described his difficulty in hiring an IT expert while in custody. The Court admonished Defendant that despite those difficulties, which included segregation and loss of telephone privileges for a time, he "need[ed] to make focused efforts to locate an IT expert given the nearness of trial"[2] [Doc. 124 p. 11]. Also, at that hearing, the Government stipulated that it would not use any information from Defendant's Google drive accounts, which it continued to maintain it never accessed, at trial, and the Court denied Defendant's Motion to Suppress Evidence Obtained from a Google Cloud Storage Service [Doc. 33] as moot [Doc. 124].

On November 24, 2021, Defendant moved for leave to file a motion to suppress alleging the FBI had tampered with his cellphone [Docs. 119 & 119-6]. In the suppression motion, Defendant challenges the reliability and authenticity of the Government's evidence against him, arguing that the Government's report on the data extracted from his cellphone and SD card reveals files were created and deleted after law enforcement seized his cellphone and SD card. In his December 14, 2021 reply[3] to the Government's response in opposition, Defendant stated that he

---

[2] At the time of the November 23, 2021 hearing, Defendant's trial date was March 1, 2022 [*see* Doc. 87].

[3] Defendant moved the Court to accept his reply out of time if it arrived after the deadline [Doc. 125]. The Court finds the Defendant's reply was timely filed within seven days from the Government's response, and thus, his motion to accept his untimely reply [**Doc. 125**] is **DENIED** as moot.

3

will ask his IT expert to conduct an independent extraction report in order to substantiate his claims [Doc. 126].

On February 18, 2022, the Court continued the trial to July 26, 2022, based in part on Defendant's need to work with his IT expert, whom Defendant had hired on February 15, 2022 [Doc. 137].[4] The Court conducted a status conference on June 23, 2022, to discuss the progress of the case. The Court inquired about Defendant's recent motion for leave to file a supplemental brief [Doc. 139 & 139-3] in relation to his motion [Doc. 119-6] alleging federal agents tampered with his cellular telephone and SD card. In his proposed supplemental brief [Doc. 139-3], Defendant suggested that his expert may soon begin work on this case. At the June 23 hearing, Defendant related that his IT expert began reviewing materials in May 2022 and, after this initial review, may need to perform his own extraction of the data from the cellphone and SD card.[5] Elbow counsel stated that Defendant would need to seek funding above the case compensation maximum before the expert could perform additional work on this case. The Court continued the

---

[4] At the hearing, Government's counsel suggested that Defendant's IT expert coordinate with the FBI forensic analyst to obtain information sought by Defendant and to gain access to the forensic image of the cellphone and SD card [Doc. 137 p. 2 n.1]. The Government continued to object to Defendant's expert accessing the original evidence (the cellphone and SD card) and stated that if Defendant's expert deemed access to the cellphone and SD card to be necessary, the issue would have to be raised with the Court [*Id.*].

[5] The Government again objected to Defendant's expert accessing the physical evidence. Government's counsel suggested that Defendant's expert work directly with the Government's expert to determine what materials are needed for Defendant's expert's review [Doc. 142 p. 2]. Mr. Moffatt stated that the expert could perform the extraction at the FBI office, with the agent in attendance, and without extracting the images at issue in this case [*Id.*]. In its Memorandum and Order continuing the trial, the Court noted that it has already ruled that Defendant cannot access the cellphone and SD card [*Id.* at 3 n.1]. Instead, Defendant may pursue arrangements for his expert to review the forensic copy of the data from the cellphone and SD card with the Government before filing a motion [*Id.*]. To prevent further delay in this case, the Court set a status conference on August 9, 2022, to hear the status of any matter relating to Defendant's expert [*Id.*].

trial to February 7, 2022, to allow time for Defendant to work with his expert in preparation for trial [Doc. 142].[6]

At a status conference on August 9, 2022, the Court conducted an *ex parte* session with Defendant and elbow counsel to address questions relating to Defendant's request for additional funding for his IT expert [Doc. 149]. After Government's counsel rejoined the hearing, the Court set a deadline of October 4, 2022, for Defendant to file a motion for leave to file any motions based on information from his IT expert. The Court contemplated that Defendant's expert would complete all investigation and reporting, that Defendant would review information from his expert, and that Defendant would prepare and file any motions by the October 4, 2022 deadline. Instead, as Defendant Glatz states in his motion, he is still seeking additional funding for his expert.

The Court finds that an extension of the October 4 motion deadline to January 4, 2023, would endanger the February 7, 2023 trial date. Moreover, the Court finds Defendant has not demonstrated good cause for the requested extension. The Court approved Defendant's request to seek an IT expert in July 2021 and has twice continued the trial to permit Defendant to work with his IT expert, whom he hired in February 2022. Before Defendant was permitted to represent himself, the Court advised him that he would be held to the same procedural rules as an attorney [*See* Doc. 48 p. 2–3]. Moreover, Defendant has already filed a proposed motion challenging the reliability and authenticity of the data extracted from his cellular telephone and SD card.

---

[6] The February 7, 2023 trial date was selected to allow one of the alleged victims to appear in this district from her home country of Bulgaria during her university break [*See* Doc. 142 p. 2]. The Government asked that this setting be a firm trial date [*Id.*].

5

Accordingly, Defendant's motion [**Doc. 152-1**] to extend the deadline for motions relating to his expert's investigation three months to January 4, 2023 is **DENIED**.[7]

However, the Court will permit the Defendant to file a supplemental brief to his proposed Motion to Suppress [Doc. 119-6] or a motion to withdraw his proposed suppression motion on or before **December 5, 2022**, or within thirty days of approval or denial of additional funding for his expert, whichever is later.[8] This deadline will require Defendant and his expert to work diligently. The Court encourages the parties to work together to facilitate Defendant's expert's review of the *forensic copy* of the data from the cellphone or SD card. Any motions regarding Defendant's expert's review of the forensic copy of the data should be made promptly *after* the Defendant has first requested access from the Government and has been denied same. The Court reiterates its prior ruling that neither Defendant nor his expert may access the seized cellphone or SD card [*See* Doc. 67]. Finally, the Court notes that expert disclosures are due on **December 5, 2022** [Doc. 142 p. 4]. Defendant is encouraged to review the disclosure requirements in Federal Rule of Criminal Procedure 16(b)(1)(C).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's motion to accept his untimely reply [**Doc. 125**] is **DENIED as moot** because the reply [Doc. 126] was timely filed;

---

[7] Defendant's deadline for filing motions *in limine*, which are motions relating to the presentation or exclusion of evidence at trial or other trial matters, remains January 9, 2023 [*See* Doc. 142 p. 4–5].

[8] Defendant's request for additional funding for his IT expert is presently pending before the Court of Appeals for the Sixth Circuit. The deadline set above provides two weeks for Defendant's expert to perform an investigation of the forensic copy of the data and a report on the expert's conclusions and two weeks for Defendant to prepare and file his supplement or motion to withdraw, after receiving approval of additional funding. Given this short time frame, Defendant is strongly encouraged to work with Government's counsel to allow the expert's investigation to occur quickly, if additional funding is approved.

(2) Defendant's motion for leave to file the motion to extend the motion deadline [**Doc. 152**] is **GRANTED**, and the Court will consider Defendant's attached, proposed Motion for Continuance of Deadline for Defendant to File Motion(s) Related to Issues Emanating from his Expert's Investigations [Doc. 152-1];

(3) Defendant's motion [**Doc. 152-1**] to extend the deadline for motions relating to his expert's investigation three months to January 4, 2023, is **DENIED**;

(4) Defendant may file a file a supplemental brief on his proposed Motion to Suppress [Doc. 119-6] or a motion to withdraw his proposed Motion to Suppress [Doc. 119-6] on or before **December 5, 2022**, or within thirty days of the approval or denial of additional funding for his IT expert, whichever is later. The Government's deadline for filing a responding supplemental brief is **December 19, 2022, or two weeks** from the filing of Defendant's supplement. Defendant may file a reply brief on or before **December 27, 2022, or one week**, from the filing of the Government's response;

(5) The **December 5, 2022** deadline for expert disclosures is not extended at this time; and

(6) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Defendant Glatz.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge