UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CR-218-TAV-DCP-1 |
| | ) | |
| GLENN FRED GLATZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's appeal [Doc. 239] of United States Magistrate Judge Debra C. Poplin's order [Doc. 221] denying defendant's pro se Motion for Leave [Doc. 119] and Motion to Suppress All Evidence Obtained from Defendant's LG Cellphone and Micro SD Card Due to Tampering with the Evidence by the FBI [Doc. 119-6]. For the reasons discussed below, defendant's appeal [Doc. 239] is **DENIED**.

## I. Background

The Court presumes familiarity with the facts of this case. Accordingly, the Court will only provide a brief synopsis of the facts relevant to the instant motion.

In December 2019, defendant was indicted on four counts of inducing a minor to engage in sexually explicit conduct to produce child pornography, one count of receiving child pornography, three counts of transferring obscene materials to a minor, and one count of possession of child pornography [Doc. 1]. Defendant was initially appointed a federal

public defender to represent him [Doc. 8]. Defendant, through counsel, filed four motions to suppress [Docs. 19, 20, 33, 34].[1] On April 14, 2021, United States Magistrate Judge Debra C. Poplin conducted a suppression hearing and granted defendant's request to file post-hearing briefs [Doc. 44, pp. 110–12]. Thereafter, defendant moved to represent himself and prepare his own post-hearing briefs [Doc. 41]. Judge Poplin permitted defendant to represent himself and to file post-hearing briefs but denied his request to reopen the motion deadline [Doc. 48, pp. 7–8]. Despite this limitation, defendant has filed numerous pretrial motions and requests for leave to file pretrial motions.

On November 24, 2021, defendant filed a pro se Motion for Leave [Doc. 119] to file a Motion to Suppress All Evidence Obtained from Defendant's LG Cellphone and Micro SD Card Due to Tampering with Evidence by the FBI [Doc. 119-6]. The government filed a response in opposition [Doc. 123], and defendant filed a reply [Doc. 126]. On March 23, 2023, following an investigation performed by his expert, defendant filed a supplemental brief[2] to the proposed motion relating to tampering and attached exhibits, including his expert's answers to some questions posed by defendant [Docs. 193, 193-2].

On May 19, 2023, Judge Poplin issued a Memorandum and Order [Doc. 221], denying defendant's pro se Motion for Leave [Doc. 119] and Motion to Suppress All

---

[1] The deadline for filing pretrial motions expired on June 19, 2020 [*See* Doc. 18, p. 3]. Judge Poplin permitted defendant, through counsel, to file two of his four motions to suppress beyond the motion deadline, without objection by the government [Doc. 32].

[2] Judge Poplin permitted defendant to file the supplemental brief along with his exhibits [*see* Doc. 192].



Case 3:19-cr-00218-TAV-DCP Document 272 Filed 07/12/23 Page 2 of 7 PageID #: 5136

Evidence Obtained from Defendant's LG Cellphone and Micro SD Card Due to Tampering with the Evidence by the FBI [Doc. 119-6]. Defendant filed the instant appeal [Doc. 239] on June 7, 2023,[3] and the government filed a response in opposition [Doc. 241] on June 8, 2023.

## II. Standard of Review

For this Court to overturn a magistrate judge's decision on a non-dispositive pretrial matter like this one, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when the reviewing court . . . is left with the definite and firm conviction that a mistake has been made." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (addressing the "clearly erroneous" standard on appeal for issues of fact); *see Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (applying the same standard to appeals of magistrate judge orders under § 636(b)(1)(A)). This standard does not permit the Court to substitute its own conclusion for that of the magistrate judge, and instead, only permits the Court to determine: (1) if there is evidence to support the magistrate judge's finding; and (2) if the magistrate judge's finding was reasonable. *Tri-Star Airlines*, 75 F. Supp. 2d at 839.

[3] The Court granted defendant's motion to extend the June 2, 2023 deadline for filing his appeal to June 7, 2023 [Doc. 231].

## III. Analysis

In considering defendant's pro se Motion for Leave [Doc. 119] and Motion to Suppress All Evidence Obtained from Defendant's LG Cellphone and Micro SD Card Due to Tampering with the Evidence by the FBI [Doc. 119-6], the magistrate judge found as an initial matter that defendant's motion, while styled as a motion to suppress evidence, instead challenges the reliability and authenticity of evidence to be presented at trial [*see* Doc. 221, p. 5]. After carefully considering and analyzing defendant's arguments, Judge Poplin denied the motions and made the following findings:

> Upon reviewing the exhibits attached to Defendant's supplemental brief, particularly Defendant's questions to his expert and the expert's responses, the Court finds no reasonable probability that Defendant's alleged instances of tampering render the evidence extracted from his cellphone and SD card inadmissible.
>
> ***
>
> The Court finds that Defendant's assertions that the FBI tampered with the evidence from his cellphone and SD card remain speculative and unsubstantiated. The Court also finds that even if some minimal alterations to the data occurred (which the Court does not find), Defendant has not shown that law enforcement caused the alterations [*See* Doc. 193-2 p. 2 (expert states "other system files may use the SD card without user knowledge" and "[c]arving of deleted files would explain" the creation and deletion of files after the cellphone and SD card were seized)]. Nor has Defendant shown that any changes were made to the images, videos, and other evidence extracted from his cellphone and SD card that the Government will present at trial. Finally, the Court finds the Defendant's arguments relating to law enforcement accessing his Google Drive accounts are also moot because the Government has stipulated that it will not use any evidence from Defendant's Google Drive accounts at trial [*See* Doc. 124].
>
> In conclusion, the Court finds that Defendant "[m]erely rais[es] the possibility of tampering [which] is insufficient to render evidence inadmissible." *Combs*, 369 F.3d at 938. The Court observes, however, that it makes no findings at this juncture that the evidence extracted from Defendant's cellphone and SD card is

> admissible at trial. In other words, although the Court finds the Defendant's allegations of tampering do not show the evidence from his cellphone and SD card to be unreliable or unauthentic, the Government must still authenticate the evidence it will use at trial.

[Doc. 221, pp. 8-10].

In his appeal motion, defendant first argues "[h]aving shown good cause for Motion for Leave (Doc. 119), it was a clearly erroneous and arbitrary and capricious and unjust ruling that Def asks to be reversed, that Def's objections be sustained" [Doc. 239, p. 3]. Specifically, defendant maintains that he satisfied the two prongs for demonstrating that his motion for leave should be approved [*Id.* at 1].

Further, with respect to his Motion to Suppress All Evidence Obtained from Defendant's LG Cellphone and Micro SD Card Due to Tampering with Evidence by the FBI [Doc. 119-6; *see also* Supplemental Brief, Doc. 193], defendant argues on appeal that Judge Poplin was clearly erroneous in denying this motion. Defendant specifically contends that the FBI planted evidence on his cellphone, during a Cellebrite extraction from his Google Drive accounts [*see generally* Doc. 239].

Defendant summarizes his position that the FBI tampered with the evidence, as follows:

> What Def has proven is that the FBI planted their own illegal images on the phone, and, that FBI was connected to Def's Google Drive accounts when they illegally extracted images from them using Cellebrite software and then placed those images on Def's cellphone. Def is not arguing (yet) that images were altered or not authentic, he is proving that some of the images on his cellphone are not his and were not on the cellphone when it was seized on May 2, 2018, and that other images were illegally seized from Def's Google Drive and planted on his cellphone. All parties involved have disconcertingly succeeded in preventing Def from inspecting

> the allegedly illegal images but it is enough that Def has proven he did not place post-seizure files created, on the phone.

[Doc. 239, p. 5].[4] Defendant alleges that the magistrate judge misinterpreted his expert's answers to questions posed by defendant or attributed undue weight to the expert's answers [*Id*. at 8–9, 13–15, 16–18]. As to defendant's IT expert concluding he "did not find anything helpful" [Doc. 193, p. 5] following a review of the extracted data, defendant suggests on appeal that the expert is "corrupt," part of the "treachery" and "ought to be drug tested" [Doc. 239, pp. 8, 15].

Defendant's appeal motion merely reargues many of the same points raised in his underlying motion and supplemental brief. Defendant argues the only explanation for his exhibits showing files with dates after seizure is that the FBI planted evidence or accessed his Google Drive accounts. However, Judge Poplin, relying on the expert's answers, found that there are other explanations for these dates. Defendant has simply not shown that the magistrate judge's findings in denying leave to file and denying the motion to suppress were clearly erroneous or contrary to law. Rather, the magistrate judge's denial of the motions was based on her review of the facts in light of the controlling law. Accordingly, Judge Poplin's ruling will be affirmed.

The Court further notes that the government filed a Stipulation Regarding Evidence from Defendant's Google Drive Accounts [Doc. 134] in which the government stipulates it will not introduce any evidence seized from defendant's Google Drive accounts during

---

[4] The Court has directed that defendant be allowed to view the alleged child pornography [Doc. 257], and the government has proposed a procedure by which he may do so [Doc. 259].

the trial, followed by, as directed to do so in the Pretrial Order [Doc. 242, p. 3], the filing of the Affidavit of FBI Special Agent Stephen McFall [Doc. 250], in which Special Agent McFall states under oath that "[d]uring [his] examination and extraction of the data from the [defendant's] cell phone and the MicroSD card, the defendant's online Google Drive accounts were not accessed nor was any evidence obtained from the defendant's Google Drive accounts that did not already exist on the cell phone prior to the initiation of the examination" [Doc. 250, p. 1].

## IV. Conclusion

Because defendant has failed to show that Judge Poplin's order [Doc. 221] denying his Motion for Leave [Doc. 119] and Motion to Suppress All Evidence Obtained from Defendant's LG Cellphone and Micro SD Card Due to Tampering with the Evidence by the FBI [Doc. 119-6] is clearly erroneous or contrary to law, his appeal motion [Doc. 239] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE