UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:19-CR-218-TAV-DCP-1 |
| GLENN FRED GLATZ, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's appeal [Doc. 197] of United States Magistrate Judge Debra C. Poplin's order [Doc. 195] denying defendant's pro se Motion for Leave [Doc. 190] and Motion for Reconsideration of Denial of Motion for Leave of Court to File Untimely Attached Motion to Quash the Indictment and Charges Therefrom [Doc. 190-1]. For the reasons discussed below, defendant's appeal [Doc. 197] is **DENIED**.

**I.  Background**

The Court presumes familiarity with the facts of this case. Accordingly, the Court will only provide a brief synopsis of the facts relevant to the instant motion.

In December 2019, defendant was indicted on four counts of inducing a minor to engage in sexually explicit conduct to produce child pornography, one count of receiving child pornography, three counts of transferring obscene materials to a minor, and one count of possession of child pornography [Doc. 1]. Defendant was initially appointed a federal

public defender to represent him [Doc. 8]. Defendant, through counsel, filed four motions to suppress [Docs. 19, 20, 33, 34].[1] On April 14, 2021, United States Magistrate Judge Debra C. Poplin conducted a suppression hearing and granted defendant's request to file post-hearing briefs [Doc. 44, pp. 110–12]. Thereafter, defendant moved to represent himself and prepare his own post-hearing briefs [Doc. 41]. Judge Poplin permitted defendant to represent himself and to file post-hearing briefs but denied his request to reopen the motion deadline [Doc. 48, pp. 7–8]. Despite this limitation, defendant has filed numerous pretrial motions and requests for leave to file pretrial motions.

On February 24, 2023, defendant filed a pro se Motion for Leave of Court to File Untimely Motion to Quash the Indictment and Charges Therefrom [Doc. 176], with accompanying motion [Doc. 176-1]. On February 28, 2023, the magistrate judge issued a Memorandum and Order [Doc. 177], denying the untimely motion because defendant failed to show good cause.

Thereafter, defendant sought permission to file a motion for reconsideration of Judge Poplin's decision in that regard. Specifically, on March 30, 2023, defendant filed a pro se Motion for Leave of Court to File Untimely Attached Motion Seeking Reconsideration of Denial for Leave of Court to File Untimely Attached Motion to Quash the Indictment and Charges Therefrom [Doc. 190], with accompanying motion [Doc. 190-1]. In a Memorandum and Order [Doc. 195] dated April 5, 2023, the magistrate

---

[1] The deadline for filing pretrial motions expired on June 19, 2020 [*See* Doc. 18, p. 3]. Judge Poplin permitted defendant, through counsel, to file two of his four motions to suppress beyond the motion deadline, without objection by the government [Doc. 32].

2

judge granted defendant leave to file the untimely motion to reconsider, although late by more than two weeks, due to the unique circumstances of convergence of filing deadlines related to his objections to the Report and Recommendation then pending.[2]

In the same order [Doc. 195], the magistrate judge considered all of defendant's arguments in his motion for reconsideration and found that he still failed to show good cause to file the belated motion to dismiss the indictment. Judge Poplin concluded that litigation of a dispositive motion at this stage would jeopardize the trial date of July 25, 2023, and thereby cause significant prejudice to the government and its witnesses [*Id.*]. Judge Poplin further noted, in response to defendant's argument that elbow counsel's assistance with viewing the child pornography images does not replace the requirement that the indictment specifically inform him of the charges, the affidavits in support of the federal search warrants describe the images seized from defendant's SD card as well as his interactions with at least one of the minors referenced in the indictment [*Id.*].

Defendant filed the instant appeal [Doc. 197] on April 14, 2023, and the government did not file a response.

## II.     Standard of Review

For this Court to overturn a magistrate judge's decision on a non-dispositive pretrial matter like this one, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding

---

[2] In so ruling, Judge Poplin noted that she was not creating precedent for permitting defendant to file other untimely filings [Doc. 195, p. 3].

is clearly erroneous when the reviewing court . . . is left with the definite and firm conviction that a mistake has been made." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (addressing the "clearly erroneous" standard on appeal for issues of fact); *see Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (applying the same standard to appeals of magistrate judge orders under § 636(b)(1)(A)). This standard does not permit the Court to substitute its own conclusion for that of the magistrate judge, and instead, only permits the Court to determine: (1) if there is evidence to support the magistrate judge's finding; and (2) if the magistrate judge's finding was reasonable. *Tri-Star Airlines*, 75 F. Supp. 2d at 839.

**III. Analysis**

In his appeal motion [Doc. 197], defendant makes several arguments. First, he contends that the magistrate judge erroneously relied on *United States v. Gulley*, 780 F. App'x 275, 283 (6th Cir. 2019) because "then-counsel Jonathan Moffatt made no such 'decision not to file a pretrial motion' [to dismiss the indictment for lack of specificity]," which is a point of distinction from *Gulley* [Doc. 197, p. 1]. Second, defendant maintains that he has every right to view the child pornography images under Fed. R. Crim. P.16 but the issue of whether he can or cannot do so is irrelevant to whether he has been informed of the cause of the charges that must be specified in the indictment [Doc. 197]. Defendant submits that he has shown good cause to file the motion for leave to move for dismissal of

4

the indictment for lack of specificity because the Constitution guarantees a specific indictment [*Id.*].

Finally, defendant complains that although the magistrate judge ruled that he is aware of the images and data giving rise to the charges, he must be informed in the text of the indictment of the facts and images on which the grand jury based the charges, for purposes of preventing the prosecutor from using facts or images other than those presented to the grand jury and for purposes of double jeopardy in the future [*Id.*]. Defendant states that allowing defendant or elbow counsel to view the images does not permit him to know which images the grand jury observed or believed were connected to defendant [*Id.*]. In summary, defendant urges that the indictment is wholly lacking in specificity and should be dismissed [*Id.*].

Defendant's appeal motion merely reargues many of the same points raised in his underlying motion for leave and proposed motion to dismiss the indictment. While Judge Poplin allowed defendant to file the untimely motion to reconsider [Doc. 190], she considered all of defendant's arguments within his proposed motion for reconsideration [Doc. 190-1] and found that he still failed to show good cause to file the belated motion to dismiss the indictment. With respect to defendant's attempt to distinguish the *Gulley* decision, it should be noted that while defendant was represented by defense counsel Jonathan Moffatt at the beginning of this case, there was no motion to dismiss the indictment filed, even though multiple motions to suppress were filed. Simply stated,

defendant has not shown that the magistrate judge's findings in denying the motion for reconsideration relating to the motion to dismiss the indictment were clearly erroneous or contrary to law. Rather, the magistrate judge's denial of the motion was based on her review of the facts in light of the controlling law. Accordingly, Judge Poplin's ruling will be affirmed.

Of further significance, on June 7, 2023, defendant filed a pro se Motion for Leave to File Motion to Dismiss Indictment and All Criminal Charges, with Prejudice, due to Violations of Defendant's First, Fourth, Fifth, Sixth, and Eighth Amendments Rights That Have Denied Defendant a Fair Trial, with accompanying motion [Docs. 237, 237-1]. On June 29, 2023, this Court issued a Memorandum Opinion and Order [Doc. 258], finding that defendant failed to show good cause for the untimely motion and denying defendant's motion for leave [Doc. 237], reiterating that litigation of a dispositive motion at this late stage would endanger the July 25, 2023 trial date, which has been continued eight times, and further finding that defendant will not be prejudiced by the inability to litigate the motion because the allegations he raises have all been raised in other filings and some in multiple filings.

Moreover, at the Final Pretrial Conference held on July 13, 2023 [Doc. 276], this Court orally denied defendant's Motion *in Limine* [Doc. 255], which sought to prohibit evidence and testimony not related to the events that triggered the charges considered by the grand jury and to dismiss the indictment with prejudice. In doing so, the Court

6

concluded that the indictment dated December 17, 2019 [Doc. 1] is specific in accordance with applicable law. Fed. R. Crim. P. 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and "must give the official or customary citation of the statue, rule, regulation, or other provision of law that the defendant is alleged to have violated." Also, Fed. R. Crim. P. 12(b)(3)(B)(iii) provides that a defendant seeking to challenge a defect in the indictment, including the lack of specificity, must file a motion before trial, which defendant has failed to do timely.

Finally, the Court directed that defendant be allowed to view the evidence that the government contends constitutes child pornography [Doc. 257], and the government has proposed a procedure by which he may do so [Doc. 259]. While defendant filed a Reply [Doc. 273] to the government's proposal, this filing does not object to any part of the proposal made by the government for how defendant can review the alleged child pornography in advance of trial. At the final pretrial conference, the Court was informed that defendant plans to conduct his review of the evidence in keeping with the government's proposal beginning on Monday July 17, 2023, at 12:30 p.m.

IV. Conclusion

Because defendant has failed to show that Judge Poplin's order [Doc. 195] denying his Motion for Leave [Doc. 190] and Motion for Reconsideration of Denial of Motion for Leave of Court to File Untimely Attached Motion to Quash the Indictment and Charges

Therefrom [Doc. 190-1] is clearly erroneous or contrary to law, his appeal motion [Doc. 197] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
