UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:19-CR-218-TAV-DCP-1 |
| | ) |
| GLENN FRED GLATZ, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's appeal [Doc. 230] of United States Magistrate Judge Debra C. Poplin's order [Doc. 222] denying defendant's pro se Motion Seeking an Order Directing the United States to Provide Service of All Documents Submitted to the Docket to Pro Se Defendant at the Address Provided on the Docket [Doc. 214-1]. For the reasons discussed below, defendant's appeal [Doc. 230] is **DENIED**.

**I.    Background**

The Court presumes familiarity with the facts of this case. Accordingly, the Court will only provide a brief synopsis of the facts relevant to the instant motion.

In December 2019, defendant was indicted on four counts of inducing a minor to engage in sexually explicit conduct to produce child pornography, one count of receiving child pornography, three counts of transferring obscene materials to a minor, and one count of possession of child pornography [Doc. 1]. Defendant was initially appointed a federal public defender to represent him [Doc. 8]. Defendant, through counsel, filed four motions

to suppress [Docs. 19, 20, 33, 34].[1]  On April 14, 2021, United States Magistrate Judge Debra C. Poplin conducted a suppression hearing and granted defendant's request to file post-hearing briefs [Doc. 44, pp. 110–12].  Thereafter, defendant moved to represent himself and prepare his own post-hearing briefs [Doc. 41].  Judge Poplin permitted defendant to represent himself and to file post-hearing briefs but denied his request to reopen the motion deadline [Doc. 48, pp. 7–8].  Despite this limitation, defendant has filed numerous pretrial motions and requests for leave to file pretrial motions.

On May 15, 2023, defendant filed a pro se Motion for Leave of Court to File Untimely Motion Seeking an Order Directing the United States to Provide Service of All Documents Submitted to the Docket to Pro Se Defendant at the Address Provided on the Docket [Doc. 214], with accompanying motion [Doc. 214-1].  On May 16, 2023, the government filed a response in opposition [Doc. 217].  On May 19, 2023, the magistrate judge issued an Order [Doc. 222], granting leave to file the untimely motion but denying the motion seeking an order directing service because the government represented that it was mailing all filings to defendant at the jail.

Three days later, on May 22, 2023, the government filed a Notice of Returned Mail [Doc. 223], stating that two documents were returned as undeliverable to defendant because it had inadvertently mailed them to the wrong jail.  On May 22, 2023, defendant

---

[1] The deadline for filing pretrial motions expired on June 19, 2020 [*See* Doc. 18, p. 3]. Judge Poplin permitted defendant, through counsel, to file two of his four motions to suppress beyond the motion deadline, without objection by the government [Doc. 32].

filed a reply to the government's response in opposition [Doc. 226], which was received on the same day of the government filing the referenced Notice.

Thereafter, on May 26, 2023, the magistrate judge issued an Amended Order [Doc. 229], in which she reconsidered her ruling on motion seeking an order directing service in light of the government's notice and defendant's reply. In doing so, Judge Poplin granted leave to file the untimely motion but denied the motion seeking an order directing service because the government stated it was already mailing all filings to defendant at the jail, encouraging the government to include defendant's address in its certificate of service [*Id.*].

Defendant filed the instant appeal [Doc. 230] on May 25, 2023, and the government filed a response in opposition [Doc. 236].

## II. Standard of Review

For this Court to overturn a magistrate judge's decision on a non-dispositive pretrial matter like this one, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when the reviewing court . . . is left with the definite and firm conviction that a mistake has been made." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (addressing the "clearly erroneous" standard on appeal for issues of fact); *see Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (applying the same standard to appeals of magistrate judge orders under § 636(b)(1)(A)). This standard does not permit the Court

3

to substitute its own conclusion for that of the magistrate judge, and instead, only permits the Court to determine: (1) if there is evidence to support the magistrate judge's finding; and (2) if the magistrate judge's finding was reasonable. *Tri-Star Airlines*, 75 F. Supp. 2d at 839.

### III. Analysis

In his appeal motion [Doc. 230, p. 2], defendant argues that the magistrate judge "clearly and erroneously proceed[ed] too fast" in issuing the order denying his motion seeking an order directing service because Judge Poplin failed to wait for defendant to file a reply to the government' response in opposition pursuant to E.D. Tenn. L.R. 7.1(a)(3). Defendant asks this Court to "order the Honorable Magistrate Judge to become familiarized with L.R. 7.1(a)(3) and remand the Order (Doc. 222) back to her for further consideration not inconsistent with his ruling" [Doc. 230, p. 5].

Defendant's appeal motion is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. While Local Rule 7.1(a)(3) does provide that "any reply brief and accompanying material shall be served and filed no later than 7 days after the service of the answering brief," Local Rule 7.1(c) also provides that reply briefs are not necessary to be filed and must not be used to reargue the points and authorities included in the opening brief. E.D. Tenn. L.R. 7.1(a)(3), (c). Further, Local Rule 7.2 provides that "[u]nder exceptional circumstances, the Court may act upon a motion prior to the expiration of the response time." E.D. Tenn. L.R. 7.2. Moreover, the magistrate

4

judge's Amended Order [Doc. 229] considers defendant's reply and therefore moots the issue.

The magistrate judge's denial of the motion was based on her review of the facts in light of the controlling rules. A reply from defendant was not necessary in order for Judge Poplin to rule on the matter, and it is questionable whether defendant even has a right to file a reply as they are not necessary or required. Even assuming that failure to provide defendant with an opportunity to file a reply brief was procedural error, defendant still has not met his burden in this appeal motion to show that Judge Poplin's denial of his motion seeking an order directing service was clearly erroneous or contrary to law. Significantly, defendant cannot show any prejudice because the issue was ultimately addressed. Accordingly, Judge Poplin's ruling will be affirmed.

**IV.    Conclusion**

Because defendant has failed to show that Judge Poplin's order [Doc. 222] denying his defendant's pro se Motion Seeking an Order Directing the United States to Provide Service of All Documents Submitted to the Docket to Pro Se Defendant at the Address Provided on the Docket [Doc. 214-1] is clearly erroneous or contrary to law, his appeal motion [Doc. 230] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE