UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:19-CR-218-TAV-DCP-1 ) |
| GLENN FRED GLATZ, | ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's appeal [Doc. 158] of United States Magistrate Judge Debra C. Poplin's order [Doc. 156], denying his pro se Motion for Continuance of Deadline for Defendant to File Motion(s) Related to Issues Emanating from His Expert's Investigations [Doc. 152-1]. For the reasons discussed below, defendant's appeal [Doc. 158] is **DENIED**.

### I.  Background

The Court presumes familiarity with the facts of this case. Accordingly, the Court will only provide a brief synopsis of the facts relevant to the instant motion.

In December 2019, defendant was indicted on four counts of inducing a minor to engage in sexually explicit conduct to produce child pornography, one count of receiving child pornography, three counts of transferring obscene materials to a minor, and one count of possession of child pornography [Doc. 1]. Defendant was initially appointed a federal public defender to represent him [Doc. 8]. Defendant, through counsel, filed four motions

to suppress [Docs. 19, 20, 33, 34].[1]  On April 14, 2021, Judge Poplin conducted a suppression hearing and granted defendant's request to file post-hearing briefs [Doc. 44, pp. 110–12].  Thereafter, defendant moved to represent himself and prepare his own post-hearing briefs [Doc. 41].  Judge Poplin permitted defendant to represent himself and to file post-hearing briefs but denied his request to reopen the motion deadline [Doc. 48, pp. 7–8].  Despite this limitation, defendant has filed numerous pretrial motions and requests for leave to file pretrial motions.

On September 30, 2022, defendant filed a pro se Motion for Leave of Court to File Untimely Motion for Continuance of Deadline for Defendant to File Motion(s) Related to Issues Emanating from His Expert's Investigations [Doc. 152], with accompanying motion [Doc. 152-1].  In light of the magistrate judge's setting of a deadline of October 4, 2002, for defendant to file a motion for leave to file any motion based upon his information technology ("IT") expert's investigation [*see* Doc. 149], defendant requested leave to file a motion to extend the time for motions relating to his IT expert's investigation for an additional twelve weeks, until January 4, 2023 [Doc. 152].  Given that the magistrate judge had recently set the October 4 deadline, defendant argued that his request was timely and further that it was necessary in order to allow him time to secure expert funding, for his expert to perform an analysis of the data from his cellphone and SD card, for him to confer

---

[1] The deadline for filing pretrial motions expired on June 19, 2020 [*See* Doc. 18, p. 3]. Judge Poplin permitted defendant, through counsel, to file two of his four motions to suppress beyond the motion deadline, without objection by the government [Doc. 32].

with his expert and elbow counsel, and for him to prepare and file motions [Doc. 152]. The government filed a response in opposition [Doc. 154] on October 14, 2022.

On October 24, 2022, the magistrate judge issued a Memorandum and Order [Doc. 156], denying defendant's pro se Motion for Continuance of Deadline for Defendant to File Motion(s) Related to Issues Emanating from His Expert's Investigations [Doc. 152-1]. Specifically, Judge Poplin would not allow defendant to extend the deadline for motions relating to his expert's investigation for three months, until January 4, 2023 [*Id.*]. Defendant filed the instant appeal [Doc. 158] on November 8, 2022, and the government filed a response in opposition [Doc. 159] on November 21, 2022.

## II.  Standard of Review

For this Court to overturn a magistrate judge's decision on a non-dispositive pretrial matter like this one, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when the reviewing court . . . is left with the definite and firm conviction that a mistake has been made." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (addressing the "clearly erroneous" standard on appeal for issues of fact); *see Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (applying the same standard to appeals of magistrate judge orders under § 636(b)(1)(A)). This standard does not permit the Court to substitute its own conclusion for that of the magistrate judge, and instead, only permits the Court to determine: (1) if there is evidence to support the magistrate judge's finding;

3

and (2) if the magistrate judge's finding was reasonable. *Tri-Star Airlines*, 75 F. Supp. 2d at 839.

## III. Analysis

In considering defendant's pro se Motion for Continuance of Deadline for Defendant to File Motion(s) Related to Issues Emanating from his Expert's Investigations [Doc. 152-1], the magistrate judge denied the requested continuance of all motions relating to defendant's expert investigation to January 4, 2023, because she found it would endanger the trial date of February 7, 2023 [Doc. 156, p. 5]. In further finding that defendant did not demonstrate good cause for the requested extension, Judge Poplin reviewed the chronology of defendant seeking, hiring, and working with the expert and the resulting decision to grant defendant two trial continuances to permit further work with the expert [*Id.*]. Judge Poplin also permitted defendant to file a supplemental brief to his proposed motion challenging the reliability and authenticity of the data extracted from his cellphone and SD card by December 5, 2023, or within thirty (30) days of the approval of additional funding for his expert[2] [*Id.* at 5-6].

In his appeal motion, defendant submits that the magistrate judge's Memorandum and Order [Doc. 156] contains "three rulings [that are] clearly erroneous findings" [Doc. 158, p. 1]. He outlines the three rulings from which he seeks reversal, as follows: (1) "[The magistrate judge] has already ruled that Defendant cannot access the cellphone

---

[2] Judge Poplin extended this deadline twice more, to March 1, 2023 [Doc. 173] and to March 31, 2023 [Doc. 187], to allow defendant time to receive results from his IT expert.

4

and SD card. Instead, Defendant may pursue arrangements for his expert to review the forensic copy of the data from the cellphone and SD card with the Government before filing a motion."; (2) "The [magistrate judge] reiterates its prior ruling that neither defendant nor his expert may access the seized cellphone or SD card."; and (3) "Defendant's motion [Doc. 152-1] to extend the deadline for motions relating to his expert's investigation three months to January 4, 2023 is DENIED." [Doc. 158, pp. 1-2, citations omitted]. Defendant generally argues that it is crucial to his defense that his expert conduct his own Cellebrite extraction and thereby gain access to the system files, which show when the phone was used and by whom [*Id.* at 2-10]. He further contends that this information is critical for him to show that the FBI tampered with his cellphone and that the government illegally accessed his Google Drive accounts [*Id.*].

In summary, defendant submits that Judge Poplin was clearly erroneous in determining that "defendant has not shown good cause to gain continuance to allow his expert the proper and respectful amount of time to do his job properly and comprehensively to obtain that evidence that implicates the FBI in illegal tampering and violation of the Stored Communications Act" [*Id.* at 10]. He further contends that it is "clearly erroneous that this Honorable court, nor any Honorable Court, has ever before ruled that defendant's expert has been denied the right to access the original evidence – cellphone and Micro SD card" and it is "clearly erroneous that defendant's expert cannot perform his own Cellebrite extractions of the cellphone and Micro SD card" [*Id.* at 11]. Finally, he maintains that Judge Poplin's decisions "to deprive defendant's expert the ability to

5

supervise the FBI conducting a Cellebrite extraction to the expert's specifications" and "to prevent defendant and his expert from accessing and obtaining reports of those files on his cellphone and Micro SD card that he chooses, not those that the government chooses for him" are clearly erroneous [*Id.*].

The government's response in opposition maintains that defendant continues to seek access to the seized cellphone and SD card even though the Court has ruled that he cannot have access [Doc. 159, p. 1]. Further, the government points out that it has agreed not to utilize any information from defendant's Google Drive accounts at trial [*Id.*, citing Doc. 124]. Finally, the government submits that the Court should deny defendant's appeal as untimely, duplicative, frivolous, and a waste of judicial resources [Doc. 159, p. 1].

In its Memorandum Opinion and Order [Doc. 107] dated October 22, 2021, this Court denied defendant's previous appeal motion [Doc. 82] which challenged the magistrate judge's denial of his Motion to Compel Production of Defendant's LG Cellphone and Micro SD Card [Doc. 57]. Reaching the decision to deny that appeal, this Court noted that defendant "was specifically warned that he would not be able to access the physical cell phone or SD card when he elected to proceed pro se in this matter" [Doc. 107, p. 13, citing Doc. 48, p. 4] and further found that defendant "has not met his burden of establishing that Judge Poplin's conclusion that his accessing the physical cell phone and SD card could compromise the integrity of the data therein was clearly erroneous or contrary to law" [Doc. 107, p. 13]. With regard to this prior ruling by Judge Poplin, defendant was arguing that he needed to access the physical evidence so

6

that his expert, whose appointment he was seeking, could perform his own extraction to assist in determining that the government accessed his Google Drive accounts illegally [*see* Docs. 57, 58].

Therefore, the undersigned has already disposed of defendant's request to have access to his cellphone and SD card [Doc. 107, pp. 12-13]. Moreover, defendant's expert did perform his own investigation of the date from defendant's cellphone and SD card, and defendant was given the opportunity to file a supplement to his proposed motion to suppress related to tampering after working with his expert [*see* Docs. 193, 193-2]. Accordingly, after defendant litigated the claim of the FBI tampering with his cellphone at length, the Court recently issued a Memorandum Opinion and Order [Doc. 272] denying his pro se Motion for Leave Doc. 119] to file a Motion to Suppress All Evidence Obtain from Defendant's LG Cellphone and Micro SD Card Due to Tampering with Evidence by the FBI [Doc. 119-6]. This Memorandum Opinion and Order also reflects that the government has stipulated that it will not introduce any evidence seized from defendant's Google Drive accounts during the trial, as confirmed by the Affidavit of Stephen McFall [Doc. 272, pp. 6-7, citing Docs. 134, 250].

In all, these decisions render defendant's appeal motion [Doc. 158] moot. Even so, defendant's appeal motion [Doc. 158] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Accordingly, Judge Poplin's ruling will be affirmed.

## IV. Conclusion

Because defendant has failed to show that Judge Poplin's order [Doc. 156] denying his Motion for Continuance of Deadline for Defendant to File Motion(s) Related to Issues Emanating from His Expert's Investigations [Doc. 152-1] is clearly erroneous or contrary to law, his appeal motion [Doc. 158] is **DENIED**. Additionally, the Court finds the defendant was permitted the opportunity to work with an IT expert, who evaluated the data from defendant's cellphone and SD card, before supplementing his motion challenging the authenticity of the electronic evidence, and, thus, defendant's appeal motion [Doc. 158] is also **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE