UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:19-CR-218-TAV-DCP-1 |
| | ) | |
| GLENN FRED GLATZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's appeal [Doc. 224] of United States Magistrate Judge Debra C. Poplin's order [Doc. 212], addressing his pro se requests for leave [Docs. 72, 73, 106, 119, 139, 160, 170] to file twelve non-dispositive motions or briefs [Docs. 72-1, 75, 76, 106-1, 119-1, 139-1, 139-2, 139-3, 139-4, 160-1, 160-2, 170-1]. For the reasons discussed below, defendant's appeal [Doc. 224] is either **DENIED** and/or **DENIED AS MOOT**.

This criminal case is also before the Court on defendant's appeal [Doc. 225] of Judge Poplin's order [Doc. 219], addressing his pro se requests for leave [Docs. 73, 119, 144] to file four motions for subpoenas duces tecum [Docs. 74, 119-2, 119-3, 144-1]. For the reasons discussed below, defendant's appeal [Doc. 225] is either **DENIED** and/or **DENIED AS MOOT**.

## I.    Background

The Court presumes familiarity with the facts of this case. Accordingly, the Court will only provide a brief synopsis of the facts relevant to the instant motion.

In December 2019, defendant was indicted on four counts of inducing a minor to engage in sexually explicit conduct to produce child pornography, one count of receiving child pornography, three counts of transferring obscene materials to a minor, and one count of possession of child pornography [Doc. 1]. Defendant was initially appointed a federal public defender to represent him [Doc. 8]. Defendant, through counsel, filed four motions to suppress [Docs. 19, 20, 33, 34].[1] On April 14, 2021, Judge Poplin conducted a suppression hearing and granted defendant's request to file post-hearing briefs [Doc. 44, pp. 110–12]. Thereafter, defendant moved to represent himself and prepare his own post-hearing briefs [Doc. 41]. Judge Poplin permitted defendant to represent himself and to file post-hearing briefs but denied his request to reopen the motion deadline [Doc. 48, pp. 7–8]. Despite this limitation, defendant has filed numerous pretrial motions and requests for leave to file pretrial motions.

As set forth in more detail below, defendant filed requests for leave [Docs. 72, 73, 106, 119, 139, 160, 170] to file twelve non-dispositive motions or briefs [Docs. 72-1, 75, 76, 106-1, 119-1, 139-1, 139-2, 139-3, 139-4, 160-1, 160-2, 170-1]. Judge Poplin issued a Memorandum and Order [Doc. 212] on May 12, 2023, addressing these issues. Defendant filed an appeal [Doc. 224], and the government responded in opposition [Doc. 234]. In addition, defendant filed requests for leave [Docs. 73, 119, 144] to file four motions for subpoenas duces tecum [Docs. 74, 119-2, 119-3, 144-1]. Judge Poplin issued a

---

[1] The deadline for filing pretrial motions expired on June 19, 2020 [*See* Doc. 18, p. 3]. Judge Poplin permitted defendant, through counsel, to file two of his four motions to suppress beyond the motion deadline, without objection by the government [Doc. 32].

Memorandum and Order [Doc. 219] on May 18, 2023, addressing these matters. Defendant filed an appeal [Doc. 225], and the government responded in opposition [Doc. 235].

## II. Standard of Review

For this Court to overturn a magistrate judge's decision on a non-dispositive pretrial matter like this one, the party seeking reversal must show that the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when the reviewing court . . . is left with the definite and firm conviction that a mistake has been made." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (addressing the "clearly erroneous" standard on appeal for issues of fact); *see Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (applying the same standard to appeals of magistrate judge orders under § 636(b)(1)(A)). This standard does not permit the Court to substitute its own conclusion for that of the magistrate judge, and instead, only permits the Court to determine: (1) if there is evidence to support the magistrate judge's finding; and (2) if the magistrate judge's finding was reasonable. *Tri-Star Airlines*, 75 F. Supp. 2d at 839.

## III. Analysis

At the outset, the Court notes that defendant argues in both appeals [*see* Doc. 224, pp. 4-5, Doc. 225, pp. 1-4] that the magistrate judge ruled on his numerous filings within a short period after waiting for two years, and he received these rulings while he was also drafting objections to the Reports and Recommendations. The Court finds that defendant

appealed all of the magistrate judge's rulings. The Court also observes that defendant did not request additional time for his appeals or when he did, the request was granted [*see* Docs. 228, 231]. Also, to the extent that defendant continues to object [*see* Doc. 225, pp. 1-4] to the Court's enforcement of the Local Rules with respect to page limitations, this Court has thoroughly addressed defendant's complaints about the page limitations for briefs required by E.D. Tenn. L.R. 7.1(b) [*see* Doc. 198, p. 2; Doc. 244, p. 16; Doc. 265, pp. 11-13]. For the same reasons stated in its prior Orders [Docs. 198, 244, 265], defendant's objections regarding page limitations are denied. Having put these initial concerns to rest, the Court will now address each of defendant's arguments on appeal in turn.

### A. Supplemental Filings on Dispositive Motions

Defendant moved for leave to file several motions and briefs in relation to issues then pending before the Court in his dispositive motions and his challenge to the irregularities with the November 19, 2019, federal search warrant. In the Memorandum and Order [Doc. 212, p. 3], the magistrate judge found that defendant did not demonstrate good cause to permit the late filing of these untimely motions and briefs. Therefore, Judge Poplin denied defendant's requests for leave [Docs. 139, 160, 170], declined to permit the proposed motions and briefs [Docs. 139-1, 139-2, 139-3,[2] 139-4, 160-2], and found his

---

[2] Defendant does not appeal Judge Poplin's decision with respect to Doc. 139-3, which was his proposed supplemental brief on the claim that the FBI tampered with his cellphone and SD card, because the arguments contained therein were reasserted in Doc. 193 [*see* Doc. 224, p. 1]. Otherwise, defendant appeals the entirety of the Memorandum and Order issued by Judge Poplin [*Id.* at 6].

4

request to exceed the page limitation [Doc. 160-1] and to correct the exhibits [Doc. 170-1] to be moot.

Docs. 139, 139-1, 139-2, and 139-4 relate to defendant's request for leave [Doc. 139] to file supplemental briefs regarding the location of the SD card [Doc. 139-1] and the alleged fraud relating to the November 19, 2019, federal search warrant [Doc. 139-2], along with a request to correct the record/docket sheet [Doc. 139-4]. Docs. 160, 160-1, 160-2 involve defendant's request for leave [Doc. 160] to file supplemental briefs regarding his claim that the search warrant application was not approved by Judge Poplin [Docs. 160-2, 160-3], and to exceed the page limitation in doing so [Doc. 160-1]. Finally, Docs. 170 and 170-1 relate to defendant's request for leave [Doc. 170] for clarification or erratum as to Doc. 160-1 [Doc. 170-1].

In his appeal motion, defendant submits that Judge Poplin's decision with respect to his requests to file untimely motions and briefs [Docs. 139, 139-1, 139-2] was clearly erroneous because he showed "extreme good cause" and because his proposed supplemental briefs "contained critical and newly discovered evidence only obtainable in the days and weeks preceeding [sic] [their] submission," including "critical information about the location of the SD card and fraud" [Doc. 224, pp. 1-2]. Similarly, defendant argues on appeal that Judge Poplin's ruling on his requests to file untimely motions and briefs [Docs. 160, 160-1, 160-2, 170, 170-1] was clearly erroneous because his proposed

5

filings "prove that all parties involved with pretending that the application for warrant … had been approved were conspiring in fraudulent activities" [Doc. 224, p. 2].[3]

After the suppression hearing, by Memorandum and Order [Doc. 48, p. 8], Judge Poplin allowed defendant to file multiple post-hearing briefs totaling nearly 100 pages regarding his motion to suppress evidence obtained from his cellphone and SD card [*see* Docs. 19, 96] and regarding his motions to suppress evidence obtained by the three search warrants [*see* Docs. 20, 97, 99, pp. 4-6] and for a *Franks* hearing [*see* Docs. 34, 100]. In addition, defendant filed several reply briefs on these issues [*see* Docs. 111, 112, 113]. By Memorandum and Order [Doc. 192], Judge Poplin also allowed defendant to file a supplemental brief [Doc. 193] to his motion to suppress relating to his claim that the FBI tampered with his cellphone and SD card [Doc. 119-6], with the supplement attaching exhibits, which included his information technology ("IT") expert's answers to some questions posed by defendant [*see* Doc. 193-2].

At the time of the entry of her Memorandum and Order [Doc. 212, p. 3], Judge Poplin noted that these dispositive issues were the subjects of her Reports and Recommendations [Docs. 175, 199] then pending before the undersigned. This Court has now resolved the various suppression issues in its Memorandum Opinions and Orders

---

[3] For the record, defendant also states that he is appealing Doc. 160-3 [Doc. 224, p. 2]. However, Judge Poplin's Memorandum and Order does not address Doc. 160-3, which the docket history reveals to be an exhibit to his motion seeking an order declaring that that the federal search warrant was not approved by Judge Poplin [*see* Doc. 160-2].

[Docs. 244,[4] 265[5]]. Judge Poplin also noted in her Memorandum and Order [Doc. 212, p. 3] that defendant's motion to suppress relating to tampering [Doc. 119-6] was pending before her at that time. Thereafter, Judge Poplin issued a Memorandum and Order [Doc. 221] denying the motion relating to tampering, and then this Court issued its Memorandum Opinion and Order [Doc. 272], denying defendant's appeal [Doc. 239] of that decision.

All of these decisions render defendant's appeal motion [Doc. 224] moot because defendant has already litigated the various issues at the heart of his underlying motions on which the appeal is based. Even so, defendant's appeal motion [Doc. 224] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Therefore, Judge Poplin's ruling with respect to defendant's various requests [Docs. 139, 139-1, 139-2, 139-4, 160, 160-1, 160-2, 170, 170-1] will be affirmed, and defendant's appeal motion [Doc. 224] in this regard is either **DENIED** and/or **DENIED AS MOOT**.

---

[4]  With regard to the warrantless seizure of defendant's cellphone and SD card, the Memorandum Opinion and Order [Doc. 244] dated June 15, 2023, overruled defendant's objections [Doc. 202] to the magistrate judge's R&R [Doc. 175], accepting in whole the determination that defendant's motion to suppress all evidence resulting from the warrantless seizure of his LG cellphone and SD card [Doc. 19] is granted in part in that his May 2, 2018 statements to the Jefferson County Sheriff's Office detectives cannot be used in the government's case-in-chief at trial, denying the motion in all other respects. Encompassed within the Court's ruling was the acceptance of the magistrate judge's determination that the SD card was found within defendant's cellphone [Doc. 244, p. 24 n.7, citing Doc. 175, pp. 2, 33, 65-66 n.32].

[5]  With regard to the three search warrants, the Memorandum Opinion and Order [Doc. 265] dated July 5, 2023, overruled defendant's objections [Doc. 227] to the magistrate judge's R&R [Doc. 199], accepting in whole the determination that defendant's motions to suppress and for a *Franks* hearing [Docs. 20, 34, 99, pp. 4-6] are denied.

**B.      Compel Discovery**

Defendant moved for leave [Doc. 119] to file a motion to produce data seized from his cellphone and SD card [Doc. 119-1], and the government responded that the request to compel discovery was moot because defendant had been provided what he was seeking [Doc. 123, p. 2].  In the Memorandum and Order [Doc. 212, p. 6], the magistrate judge found defendant's request for supplemental discovery [Doc. 119-1], while perhaps not untimely when made, to be moot in that the government agreed to provide defendant with an electronic copy of the complete extraction report [Doc. 123, p. 2] and his expert had examined the data extracted from his cellphone and SD card [Doc. 182, p. 2].

In his appeal motion, with respect to Judge Poplin's decision on his request for supplemental discovery [Docs. 119, 119-1], defendant submits that "[t]his clearly erroneous denial as moot is wrong because Def. still has not obtained the system files, the values for 'auto-time,' 'auto-time zone,' and the files from Def's Google Drive accounts that the Govt locked which will prove the FBI violated Fed law" [Doc. 224, p. 2].  On the same and/or a related issue, Judge Poplin entered a Memorandum and Order [Doc. 156] denying defendant's motion for continuance of deadline to file motion(s) related to issues emanating from his expert's investigations [Doc. 152-1], and then this Court issued its Memorandum Opinion and Order [Doc. 286], denying defendant's appeal [Doc. 158][6] of

---

[6] In this prior appeal, defendant generally argued that it was crucial to his defense that his expert conduct his own Cellebrite extraction and thereby gain access to the "system files" in order to show that the FBI tampered with his cellphone and the government illegally accessed his Google Drive accounts [*see* Doc. 158, pp 2-10].

8

that decision. Moreover, this Court had earlier disposed of defendant's request to have access to his cellphone and SD card [Doc. 107, pp. 12-13], and the government has stipulated that it will not introduce any evidence seized from defendant's Google Drive accounts during trial [Docs. 134, 250]. Furthermore, the Court has no information that the "system files" exist or whether they were reviewed by defendant's expert. In any event, as noted, the government provided all of the data, through the forensic copy of the data, to defendant through his expert, and defendant fails to show that the government has not made all data available in discovery.

Accordingly, for the same reasons articulated in these earlier decisions, defendant's appeal motion [Doc. 224] is moot. Even so, defendant's appeal motion [Doc. 224] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Therefore, Judge Poplin's ruling with respect to defendant's requests [Docs. 119, 119-1] will be affirmed, and defendant's appeal motion [Doc. 224] in this regard is either **DENIED and/or DENIED AS MOOT**.

### C. Subpoenas for Witnesses / Reopening Evidence

Defendant moved for leave to file an *ex parte* motion to subpoena witnesses for a reopened evidentiary hearing [Doc. 72], and he sought to refile his motion for issuance of subpoenas [Doc. 72-1]. In addition, defendant moved for leave [Doc. 73] to file a motion to impeach the testimony of JCSO Detective Richard Collins [Doc. 76]. In the Memorandum and Order [Doc. 212, p. 7], the magistrate judge denied defendant's request for leave [Doc. 72] to file another motion to subpoena witnesses to a reopened evidentiary

hearing [Doc. 72-1], and she denied his motion for leave [Doc. 73] to file a motion impeaching Detective Collins's testimony [Doc. 76]. In reaching these rulings, given that his multiple earlier requests to reopen the evidentiary hearing and subpoena witnesses had been considered and denied [*see* Sealed Doc. 54, Doc. 67, pp. 5-9], and in one instance denied on appeal by this Court [*see* Docs. 82, 107], Judge Poplin found that "the matter of whether Defendant could subpoena witnesses to a reopened evidentiary hearing has been thoroughly litigated and denied" [Doc. 212, p. 7].

In his appeal motion, with respect to Judge Poplin's decision on these requests [Docs. 72, 72-1, 73, 76], defendant states that the magistrate judge made clearly erroneous rulings. He submits that "Richard Collins has perjured himself many times on the witness stand under oath" and "Defendant has provided proof of this in Document 76" [Doc. 224, p. 3]. Defendant contends that he is entitled to impeach the detective's testimony "via a separate, stand-alone motion" not just in his post-hearing briefs [*Id.*]. Finally, in support of his argument that the evidentiary hearing should be reopened, he complains that his then-counsel did not subpoena the seven witnesses that defendant insisted should be present and that he tried to halt the evidentiary hearing four times, but the magistrate judge refused to allow him to speak [*Id.* at 4].

The Court agrees with Judge Poplin that the matter of whether defendant could subpoena witnesses to a reopened evidentiary hearing has been thoroughly litigated and denied, as detailed above. Further, this Court issued its Memorandum Opinion and Order [Doc. 107], denying defendant's appeal [Doc. 82], wherein he made the same arguments

10

that Judge Poplin erroneously found that he could not speak or present the testimony of several witnesses at the evidentiary hearing.

Accordingly, for the same reasons articulated in these earlier decisions, defendant's appeal motion [Doc. 224] is moot. Even so, defendant's appeal motion [Doc. 224] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Therefore, Judge Poplin's ruling with respect to defendant's requests [Docs. 72, 72-1, 73, 76] will be affirmed, and defendant's appeal motion [Doc. 224] in this regard is either **DENIED and/or DENIED AS MOOT**.

### D. Removal of Shackles

Defendant moved for leave of court to file untimely motions [Doc. 73], and he simultaneously filed a "Motion to Remove All Physical Restraints from the Body of Pro Se Defendant During All Non-Trial Court Appearances, or Alternatively, to Remove Restraints that Prevent Pro Se Defendant from Using Arms and Hands [Doc. 75]. In the Memorandum and Order [Doc. 212, pp. 9-10], the magistrate judge concluded that defendant's motion seeking de-shackling [Doc. 75] was not well taken and she denied it. Judge Poplin found that defendant cited no controlling authority in support of de-shackling during pretrial proceedings, that shackling had not hindered defendant's ability to effectively present argument on his motions, and that defendant was allowed time to organize his documents and consult with elbow counsel whenever necessary [Doc. 212, pp. 9-10].

11

In his appeal motion, with respect to Judge Poplin's decision on this request [Doc. 75], defendant contends that "never once did Def. figure out how to 'take notes' with his hands chained to his abdomen and unable to move them even one inch away from his abdomen" [Doc. 224, p. 4]. He refers to the "Humane 9th Circuit's opinion" on shackling a defendant, but he does not provide a case name or citation [*Id.*].

Defendant's appeal motion [Doc. 224] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Therefore, Judge Poplin's ruling with respect to defendant's request [Doc. 75] will be affirmed, and defendant's appeal motion [Doc. 224] in this regard is **DENIED**.

### E.    Alleged Ethical Violations

Defendant moved for leave [Doc. 106] to file a motion to impose discipline on the former prosecuting attorney, Assistant United States Attorney Matthew Morris [Doc. 106-1]. In the Memorandum and Order [Doc. 212, pp. 11-12], the magistrate judge denied defendant's request for leave [Doc. 106] to file a second motion to impose discipline upon the government's counsel, concluding that he failed to state good cause, and she further found that the proposed motion [Doc. 106-1] was not permitted. In reaching this decision, the magistrate judge explained [Doc. 212, p. 11] that she found defendant's allegations of ethical violations in his initial motion [Doc. 99] were not only untimely but also improper in substance [Doc. 101, pp. 2-3]. In the Memorandum and Order [Doc. 212, p. 11], Judge Poplin also stated that, having reviewed the proposed second motion to

12

impose discipline [Doc. 106-1], she continued to find defendant's allegations misconstrue the government counsel's statements or are simply argument on the issues raised in defendant's post-hearing briefs then pending in the Reports and Recommendations, objections, and responses. Finally, Judge Poplin noted in her decision [Doc. 212, pp. 11-12] that defendant was already litigating the one permitted issue [Doc. 99, pp. 4-6] relating to the second federal search warrant.

In his appeal motion, with respect to Judge Poplin's decision on his requests relating to discipline of the government counsel [Docs. 106, 106-1], defendant submits that "[w]hen AUSA Morris is guilty of fraud, misrepresentation, dishonesty, and deceit – the four taboos – it has nothing to do with any supposed collateral arguments" [Doc. 224, p. 5]. Further, defendant contends: "Asking the Court to impose discipline on a rampantly falsehood-telling prosecutor is not an issue in Def's suppression motion. It stands alone. It cannot, and should not, be dismissed by saying it is part of Def's suppression hearing arguments." [*Id.*].

Judge Poplin held that, with the exception of the issue of irregularities with the second federal search warrant, defendant's allegations of ethical violations are meritless [Doc. 101, pp. 2-3, Doc. 212, pp. 11-12]. Defendant's appeal motion [Doc. 224] is also without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Therefore, Judge Poplin's ruling with respect to defendant's requests [Docs. 106, 106-1] will be affirmed, and defendant's appeal motion [Doc. 224] in **DENIED**.

13

###### F.      Subpoenas Duces Tecum

Defendant moved for leave [Docs. 73, 119, 144] to file four motions for subpoenas duces tecum [Docs. 74, 119-2, 119-3, 144-1].  With respect to the subpoenas duces tecum, defendant filed the following motions:  Motion to Receive Judicial Authorization to Have a Subpoena Duces Tecum and Warrant Issued to deviantArt Website [Doc. 74]; Motion to Subpoena Complete Phone Records from Metro by T-Mobile (Formerly Metro PCS) for Defendant's Phone Account [Doc. 119-2]; Motion to Subpoena JCSO Camera Footage [Doc. 119-3]; and Motion Seeking Court Issuance of Subpoena to Google, LLC/Gmail for Defendant [Doc. 144-1].  In the Memorandum and Order [Doc. 219, pp. 1-2, 10], the magistrate judge found that defendant's requests for issuance of subpoenas duces tecum from a website, a cellular service provider, the JCSO, and an internet service provider [Docs. 73, 74, 119, 119-2, 119-3, 144, 144-1] were denied.

###### 1.      deviantArt Website

With respect to the requested subpoena duces tecum to the deviantArt website, in which defendant was seeking production of the website's "mature tag policy" and its subscriber information for the "Tennesseetomcat" and "nolifelady" accounts,[7] the magistrate judge issued the Memorandum and Order [Doc. 219, pp. 3-5], denying the requests [Docs. 73, 74] and finding that defendant failed to show that the requested

---

[7] The Court notes for the record that defendant discussed, at the final pretrial conference, a different category of documents from the deviantArt website.  However, he has not filed any motions requesting this specific information, and the trial will begin as scheduled on Tuesday, July 25, 2023.

14

information is relevant to any issue at trial or material to his preparation for his defense at trial.  Further, in the Memorandum and Order [Doc. 219, p. 5], Judge Poplin found that defendant sought this information for use in relation to his argument that the May 3, 2018, search warrant contains false statements or material omissions, which she had already addressed in the Report and Recommendation [Doc. 199].  Finally, Judge Poplin concluded that defendant failed to show that the "mature tag policy" was not available through other means, such as a search of the website's terms and policies for users [Doc. 219, p. 5].

In his appeal motion, with respect to Judge Poplin's decision on the deviantArt requests [Docs. 73, 74], defendant argues that all of his statements during the custodial interrogation at the JCSO on May 2, 2018, were coerced and involuntary [Doc. 225, p. 4]. Defendant expounds upon this argument as follows:

> At that juncture, a subpoena to deviantArt to learn who is the registered owner of the account provides the only remaining possible evidence to prove either of the two predicates to prove the crime of registry violation: (1) ownership of an unregistered account, or (2) usage of unregistered account.  When the subpoena returns showing Jaycee Corum is registered owner, that destroys the probable cause for the state search warrant of May 3, 2018, which renders the evidence obtained pursuant to the warrant – the LG cell phone and Micro SD card – to be illegally obtained.  Defendant will be objecting at trial to introduction of such illegally obtained evidence and must obtain user attribution data on Tennesseetomcat account from deviantArt.  You can forget about any requests about the nolifelady account because it just does not matter if she is whatever age or whatever sex or whatever nude self-portraits she displayed on her site.  All that is moot and just a distraction to the real issues herein.

[*Id.* at 5].

To the extent that defendant's arguments on appeal have been addressed by this Court in its earlier decisions addressing the voluntariness of his statement on May 2, 2018,

15

and the state search warrant dated May 3, 2018 [*see* Docs. 244, 265], defendant's appeal motion [Doc. 225] is moot. Even so, defendant's appeal motion [Doc. 225] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Therefore, Judge Poplin's ruling with respect to defendant's requests [Docs. 73, 74] will be affirmed, and defendant's appeal motion [Doc. 225] in this regard is either **DENIED** and/or **DENIED AS MOOT**.

### 2.    Metro by T-Mobile

Regarding the requested subpoena duces tecum for Metro by T-Mobile (formerly Metro PCS), in which defendant was seeking production of his telephone records from April 1, 2018, to November 18, 2021, to include "what dates and times the cellular telephone was being used," the magistrate judge issued the Memorandum and Order [Doc. 219, pp. 5-7], denying the requests [Docs. 119, 119-2] and finding that the records requested were not relevant based on the response of defendant's IT expert on the subject [*see* Doc. 193-2, p. 1] in connection with defendant's motion to suppress based on his claim that the FBI tampered with his cellphone and SD card [*see* Doc. 119-6].

In his appeal motion, defendant submits that the FBI placed image and video files on his cellphone after its seizure and after the FBI took possession from the JCSO on May 22-23, 2018; that the FBI illegally accessed defendant's Google Drive accounts; and that his cellphone was accessing the internet as it connected with defendant's Google Drive accounts during their Cellebrite extractions [Doc. 225, pp. 8-9]. Therefore, defendant states that "[h]enceforth, although Defendant has presented to this Court evidence that the

16

FBI has done all of the above, the records from Metro PCS/T-Mobile will contain very specific details of FBI's activities that cannot yet be determined" [*Id.* at 8].

As set forth above, Judge Poplin issued a Memorandum and Order [Doc. 221] denying defendant's motion relating to tampering [Doc. 119-6], and thereafter this Court issued its Memorandum Opinion and Order [Doc. 272], denying defendant's appeal [Doc. 239] of that decision. This decision renders defendant's appeal motion [Doc. 225] moot because defendant has already litigated the issue at length. Even so, defendant's appeal motion [Doc. 225] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Therefore, Judge Poplin's ruling with respect to defendant's requests [Docs. 119, 119-2] will be affirmed, and defendant's appeal motion [Doc. 225] in this regard is either **DENIED and/or DENIED AS MOOT**.

### 3.      JCSO Camera Footage

As to the requested subpoena duces tecum to JCSO, in which defendant was seeking the surveillance camera footage from the JCSO Justice Center's parking lot and lobby from 9:45 a.m. to 10:15 a.m. on May 2, 2018, the magistrate judge issued the Memorandum and Order [Doc. 219, pp. 7-8], denying the requests [Docs. 119, 119-3] and finding that the requested video footage was not necessary to his defense at trial. In the Memorandum and Order, Judge Poplin noted that defendant sought this information to show when he arrived in the JCSO parking lot for the meeting with detectives and to show he did not use his cellphone while in the parking lot or entering the building, in support of his effort to prove that law enforcement tampered with his cellphone and SD card [Doc. 219, pp. 7-8]. Judge

17

Poplin concluded that, although defendant's expert found evidence that defendant's cellphone was turned on after its seizure, defendant had presented no evidence that the alleged child pornography data was in some way altered [*Id.* at 8]. Judge Poplin further observed that the Admonition and Waiver signed by defendant on May 2, 2018, would allow defendant to establish the time of day that his cellphone and SD card were seized [*Id.*].

In his appeal motion, defendant submits that Judge's Poplin's various reasons for denying access to the JCSO surveillance camera footage are clearly erroneous [Doc. 225, pp. 10-13]. In addition, he complains that he has not been allowed to inspect the original evidence, the alleged child pornography, to then prove it has been altered [*Id.* at 11]. He asserts that he has "succeeded at securing evidence that the FBI was … planting child pornography on Def's phone, and illegally extracting data/images from Def's Google Drive accounts" [*Id.* at 12]. At the end of his argument about the JCSO footage, defendant states: "You know what? Forget Doc. 119-3. It's an exercise in futility with the inept department. Defendant has far more incriminating evidence than he needs to prove police incriminating involvement." [*Id.* at 13].

Again, as illustrated above, Judge Poplin issued a Memorandum and Order [Doc. 221] denying defendant's motion relating to tampering [Doc. 119-6], and thereafter this Court issued its Memorandum Opinion and Order [Doc. 272], denying defendant's appeal [Doc. 239] of that decision. Further, the government has stipulated that it will not introduce any evidence seized from defendant's Google Drive accounts during trial

18

[Docs. 134, 250]. In addition, the Court directed that defendant be allowed to view the evidence that the government contends constitutes child pornography [Doc. 257], the government's proposal for a procedure to do so [Doc. 259] has been implemented [*see* Doc. 278, p. 7], and the Court has not received any notification from defendant that this procedure is not effective. Accordingly, both the Court's decision and directive as well as the government's stipulation render defendant's appeal motion [Doc. 225] moot because defendant has already litigated the tampering issue at length and he is now having an opportunity to view the alleged child pornography in advance of trial. Even so, defendant's appeal motion [Doc. 225] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law. Therefore, Judge Poplin's ruling with respect to defendant's requests [Docs. 119, 119-3] will be affirmed, and defendant's appeal motion [Doc. 225] in this regard is either **DENIED and/or DENIED AS MOOT**. Moreover, in light of defendant's final directive to "[f]orget Doc. 119-3" [*see* Doc. 225, p. 13], the Court could interpret this statement as a waiver of his appeal with respect to Doc. 119-3.

### 4.    Google, LLC and Gmail

Regarding the requested subpoena duces tecum to Google, LLC and Gmail for records from his three Google Drive accounts, the magistrate judge issued the Memorandum and Order [Doc. 219, pp. 8-10], denying the requests [Docs. 144, 144-1] and finding that defendant failed to show that the requested records are relevant to the trial of this case or to his defense at trial. Further, in the Memorandum and Order, Judge Poplin

19

noted defendant's acknowledgement as to the government's stipulation to not use any evidence from the Google Drive accounts at trial but stated that defendant "hinted that he seeks the requested records for other litigation" [Doc. 219, p. 9]. Judge Poplin also found that defendant failed to comply with the *Nixon* factors and instead appeared to be mounting a "fishing expedition" to gather evidence for his own purposes unrelated to the trial of this case [*Id.* at 9-10].

In his appeal motion, with respect to Judge Poplin's decision on the Google and Gmail requests [Docs. 144, 144-1], defendant submits that his request for the records from his three Google Drive accounts are very narrow and specific and do not amount to a fishing expedition [Doc. 225, pp. 15-17]. Defendant elaborates on his position as follows:

> The accounts' activity logs information is material and critical for Def. to prepare for trial and to present to the jury to destroy any possibility of rising above reasonable doubt. When the jury learns how the FBI created image files on Def's phone after they seized it, and when Def. provides irrefutable proof that the FBI forensic examiner was extracting images from Def's Google Drive accounts and placing them on his phone, it just may sway a few opinions. But when Def. can share with the jury documented evidence that the FBI did this and Def's activity logs support this, some eyebrows are sure to rise. These activity logs are far more than relevant to Def's defense at trial, they are required. They are admissible, and the scope of the data sought is extremely narrow, very specific – just three accounts' activity logs. No fishing expedition. Nothing else. Just let Def. (and everyone else) take a peek.

[*Id.* at 14].

Yet again, Judge Poplin issued a Memorandum and Order [Doc. 221] denying defendant's motion relating to tampering [Doc. 119-6], and thereafter this Court issued its Memorandum Opinion and Order [Doc. 272], denying defendant's appeal [Doc. 239] of

20

that decision.  Further, as noted, the government has stipulated that it will not introduce any evidence seized from defendant's Google Drive accounts during trial [Docs. 134, 250]. The Court's decision and the government's stipulation render defendant's appeal motion [Doc. 225] moot because defendant has already litigated the issue repeatedly and because no evidence from defendant's Google Drive accounts will be produced at trial.  Even so, defendant's appeal motion [Doc. 225] is without merit as he fails to show that Judge Poplin's order is clearly erroneous or contrary to law.  Therefore, Judge Poplin's ruling with respect to defendant's requests [Docs. 144, 144-1] will be affirmed, and defendant's appeal motion [Doc. 225] in this regard is either **DENIED and/or DENIED AS MOOT**.

## IV.    Conclusion

Because defendant has failed to show that Judge Poplin's order [Doc. 212] addressing his filings at issue [Docs. 72, 72-1, 73, 75, 76, 106, 106-1, 119, 119-1, 139, 139-1, 139-2, 139-4, 160, 160-1, 160-2, 170, 170-1] is clearly erroneous or contrary to law, his appeal motion [Doc. 224] is **DENIED** and/or **DENIED AS MOOT**.  Further, because defendant has failed to show that Judge Poplin's order [Doc. 219] denying his filings [Docs. 73, 74, 119, 119-2, 119-3, 144, 144-1] is clearly erroneous or contrary to law, his appeal motion [Doc. 225] is **DENIED** and/or **DENIED AS MOOT**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE