IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:19-CR-218-TAV-DCP |
| ) | |
| GLENN FRED GLATZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Glenn Glatz's pro se Motion for an Order to Provide Unredacted Documents into the Record for Sixth Circuit Appeal [Docs. 334, SEALED & 337],[1] which was filed on April 15, 2024, and referred [Doc. 336] to the undersigned on April 17, 2024. *See* 28 U.S.C. § 636(b). Defendant asks the Court to require the Government to produce and file unredacted versions of thirteen exhibits to his post-hearing briefs so that he can reference the unredacted documents on appeal [Doc. 337 pp. 1–3]. He argues that Federal Rule of Criminal Procedure 49.1(b)(7) exempts these documents from redaction requirements because they were created before he was charged in this case [*Id*. at 1]. He also contends that the redaction of the names of adults were improper even without the exemption [*Id*. at 2]. Finally, Defendant states he is amenable to the unredacted documents being filed under seal if he is provided the document

---

[1] The undersigned provisionally sealed Defendant's motion because it contained the unredacted name of a minor victim or witness and ordered elbow counsel to refile Defendant's motion changing the name of any minor victim or witness to the individual's initials [Doc. 336 p. 1]. The Court will cite to the redacted version of Defendant's motion, filed by elbow counsel on April 24, 2024 [Doc. 337].

numbers and page identification numbers of the unredacted, sealed documents to permit him to reference them in his appeal [*Id.* at 3].

The Court finds that the listed documents are either properly redacted pursuant to the Child Victim and Witness Protection Act, Federal Rule of Criminal Procedure 49.1, and the parties' Discovery Disclosure Agreement [Doc. 338-1]; are already available in the record in an unredacted form either sealed or unsealed; or were improperly redacted by Defendant. Accordingly, for the reasons stated herein, Defendant's motion [**Doc. 337**] for the Court to order *the Government* to file unredacted copies of his exhibits is **DENIED**. Defendant is **ORDERED** to file properly redacted documents for exhibits 98-22, 98-26, 98-29, 98-31, 98-32, 98-42, and 98-47. Defendant may file sealed, unredacted copies of the following exhibits containing the names of minors: 98-22, 98-29, 98-31, 98-34, 98-42, 98-44, and 98-47.[2] Defendant may file properly redacted versions of exhibits 98-19, 98-35, 98-36, and 98-38 with the names of the adult witnesses unredacted. Defendant must file a properly redacted version of exhibit 98-46, containing the names and addresses of adults, which the Court is ordering to be placed under seal.

I.  BACKGROUND

On July 28, 2023, a jury convicted Defendant of four counts of enticing minors (A.A. & F.R.) to produce a sexually explicit depiction that was transported in interstate commerce, one count of receipt of child pornography, three counts of transferring obscene material to a minor (F.R.), and one count of possession of child pornography [Doc. 294, Verdict Form]. Defendant's sentencing hearing is presently set for October 16, 2024. At his initial appearance on January 28, 2020, the undersigned appointed Assistant Federal Defender Jonathan A. Moffatt and the Federal Defender Services of Eastern Tennessee ("FDSET") to represent Defendant Glatz [Doc. 8]. On

---

[2] Exhibit 98-32 is already sealed in the record.

January 30, 2020, Mr. Moffatt signed a Discovery Disclosure Agreement, agreeing that before disclosing any "discovery materials potentially containing the sensitive information,[3] . . . defense counsel shall ensure that all sensitive information has been fully redacted" [Doc. 338-1 ¶2]. The agreement required that discovery material filed in connection with pretrial motions or other matters before the Court must be "filed under seal and shall remain sealed until otherwise ordered by th[e] Court" [*Id*. at ¶6].

Defendant, through counsel, filed motions to suppress evidence [Docs. 19, 20, 33, & 34], and Attorney Moffatt represented Defendant at an evidentiary and suppression hearing on April 14, 2021 [*See* Doc. 39, Minutes]. At the April 14 hearing, the Government introduced a Jefferson County Sheriff's Office ("JCSO") Preliminary Investigative Report [Doc. 40, Exh. 2]. This report contains the following redactions: the names of two individuals to their initials S.T. and J.C.; S.T.'s address, telephone number, and date of birth; J.C.'s address, telephone number, date of birth, and social security number; and Defendant's address, telephone number, date of birth, and social security number [Exh. 2; *see also* Doc. 98-19[4]]. At the hearing, JCSO Investigator Richard Collins identified S.T. as Samantha Taveras, whose name is stated in full in the affidavit submitted in support of a search warrant [Doc. 44, Transcript, pp. 38–39; *see also* Doc. 40, Exhs. 2 & 6].

---

[3]  The Discovery Disclosure Agreement states that the voluminous discovery materials "may contain the sensitive information of individuals (including minors) such as dates of birth, social security numbers, home addresses, telephone numbers, e-mail addresses, and other personal identifying information" [Doc. 338-1 p. 1].

[4]  Defendant refiled the JCSO Preliminary Investigative Report as an exhibit to his post-hearing briefs [Doc. 98-19]. The copy filed by Defendant as an exhibit to his post-hearing briefs completely redacts the names of S.T. and J.C. (*i.e.*, contains no initials) but does not redact any of Defendant's personal identifiers. Defendant also filed fully unredacted copies of the first and third pages of the JCSO Preliminary Investigative Report as an attachment to his objections to the Report and Recommendation of May 1, 2023 [Doc. 227-1 pp. 1–2; *see also* Doc. 339-1 p. 3 (arguing that Defendant "thwarted [the Government's redaction of Jaycee Corum's name and biographical data] using his spare supply of unredacted 98-19s" by filing Doc. 227-1)].

Although Detective Collins did not expressly identify J.C. in the report, he testified about his May 2, 2018 interview of Defendant during which Defendant talked about his friend Jaycee Corum [Doc. 44 pp. 27–28, 40, 48, & 56]. The JCSO Preliminary Investigative Report states that on May 2, 2018, officers interviewed Defendant, who "stated that the account was created by a friend of his, J.C." [Doc. 40, Exh. 2 p. 4]. Thus, both S.T. and J.C., who are adults, were identified at the April 14, 2021 evidentiary hearing.

Four days later, on April 19, 2021, Defendant moved to represent himself and personally to prepare his post-hearing briefs [Doc. 41]. On June 8, 2021, the Court permitted Defendant to represent himself and appointed Mr. Moffatt to serve as elbow counsel [Doc. 48]. Defendant initially filed two post-hearing briefs and forty-five attached exhibits [Docs. 69, 80, & 80-1 to 80-45]. The Court ordered that these documents and the exhibits be sealed because they contained the names of minors and required that Defendant resubmit his briefs and exhibits confined to certain page limits [Doc. 87 pp. 5–6, 8]. The Court also required elbow counsel to review Defendant's revised briefs and exhibits before filing them to confirm that the names of minors are redacted [*Id*. at 5–6, 8]. Defendant filed a supplement with his exhibits to his refiled post-hearing briefs on September 24, 2021 [Doc. 98].

On April 15, 2024, Defendant moved to remove the redactions from thirteen exhibits to his post-hearing briefs:

> 1. JCSO Preliminary Investigation Report [Doc. 98-19], which completely redacts the names of two individuals (no initials); the address, telephone number, and date of birth of the first individual; and the address, telephone number, date of birth, and social security number of the second individual;[5]

---

[5] As stated above, these two individuals were identified at the April 14, 2021 evidentiary hearing as Samantha Taveras and Jaycee Corum.

4

2. September 13, 2018 letter from Federal Bureau of Investigation ("FBI") Agent Michelle L. Miller to Commissioner Yavor Kolev of the Bulgarian Cyber Crime Department [Doc. 98-22], which completely redacts (no initials) the name of a minor victim;[6]

3. FBI Electronic Communication dated July 10, 2018 [Doc. 98-29], which completely redacts (no initials) the name or names of minors;

4. FBI Electronic Communication dated August 6, 2018 [Doc. 98-31], which completely redacts (no initials) the name of a minor victim from Bulgaria;

5. Second FBI Electronic Communication dated August 6, 2018, from FBI Agent Bianca Pearson [Doc. 98-32, SEALED], which contains no redactions[7] but includes the names, addresses, and social media account names of minors and the addresses, telephone numbers, dates of birth, and social security numbers of one minor's parents;

6. FBI 302 Report dated May 14, 2019 [Doc. 98-34], in which the names of three minors are redacted to F.R., E.B., and A.A., and listing F.R. and A.A. as known victims;

7. FBI 302 Report dated June 26, 2018 [Doc. 98-35], which completely redacts (no initials) the name, date of birth, social security number, mobile telephone number, and address of a male witness, who is the property manager of the trailer park where Defendant lived;[8]

---

[6] At trial, the minor victim who is the subject of this letter was identified as A.A. [Doc. 327, Transcript, p. 22], and A.A., now an adult, testified at trial [*id.* at 40–106].

[7] The Court directed the Clerk of Court to seal this document pending resolution of Defendant's motion.

[8] The June 26, 2018 FBI 302 report was also introduced at the April 14, 2021 evidentiary hearing [Exh. 9], at which AUSA Matthew Morris identified the individual in this report as the "trailer park manager" [Doc. 44 p. 102]. In his motion, Defendant identifies this document as the report of the "Michael Oakley interview" [Doc. 337 p. 3].

5

8. Handwritten notes dated May 31, 2018 [Doc. 98-36], which redacts the last name and address of "Michael" and the last name of "Jaycee";[9]

9. FBI 302 Report dated June 18, 2018 [Doc. 98-38], which redacts the last name, address, and other identifiers of "Christopher," one of Defendant's neighbors at the trailer park;

10. FBI Electronic Communication dated May 8, 2019 [Doc. 98-42, SEALED],[10] which redacts the name of a minor to E.B., completely redacts the social security numbers and dates of birth of E.B.'s parents, and redacts the name of a minor victim to F.R.;

11. FBI 302 Report dated July 23, 2019 [Doc. 98-44], which redacts the name of minor E.B., E.B.'s date of birth, and the name and telephone number of minor victim F.R.;

12. FBI Import Form dated December 14, 2018 [Doc. 98-46], which is not redacted and includes the complete telephone numbers and addresses of Jaycee Corum and five other individuals (none identified as minors); and

13. FBI Electronic Communication dated February 7, 2019 [Doc. 98-47], which redacts the complete names (no initials) and other identifiers of minors.

[Doc. 337 p. 3]. Defendant contends that these documents are exempt from the redaction requirements in Federal Rule of Criminal Procedure 49.1 because they were created prior to his charges in this case [*Id*. at 1–2]. He also contends that the name of an adult who is an "exculpatory an[d] ironclad witness" is redacted from the JCSO Preliminary Investigation Report in document

---

[9] In his motion, Defendant identifies this document as the "rough notes from the Oakley interview" [Doc. 337 p. 3].

[10] The Court directed the Clerk of Court to seal this document pending resolution of Defendant's motion because two instances of E.B.'s name and her telephone number are not redacted.

6

98-19 [*Id*. at 2]. Defendant summarily maintains that "these documents are all critical, material, and dispositive to Defendant's suppression motion which was denied" [*Id*.].

On April 29, 2024, the Government responded in opposition, arguing that the redaction of minor's names and dates of birth in eight of the exhibits [Docs. 98-22, 98-29, 98-31, 98-32, 98-34, 98-42, 98-44, & 98-47] is proper under the Child Victims and Child Witnesses' Rights Act ("CVCWRA"), 18 U.S.C. § 3509(d)(3)(A), and Federal Rule of Criminal Procedure 49.1(a)(2)–(3) [Doc. 338 p. 2]. It contends that while Rule 49.1(b)(7) exempts law enforcement from burdensome redaction of pre-charge documents, the exemption provided therein "is not absolute," and, thus, the Court should recognize the privacy interests of third-party adults mentioned in documents 98-35, 98-36, and 98-38 who were only tangentially involved in the investigation and were not participants at trial [*Id*. at 3]. It also maintains that Defendant has failed to show the redacted information is necessary to his appeal [*Id*. at 3–4].

Defendant filed a reply on May 24, 2024 [Doc. 352].[11] He contends that the redactions on some of the listed exhibits (Docs. 98-22, 98-29, 98-31, & 98-47) do not contain the minor's initials but, instead, redact the entire name and other unknown information [*Id*. at 2–3]. He contends that the entire names of two adults, Samantha Taveras and Jaycee Corum, and an individual's social media moniker are redacted from the JCSO Preliminary Investigative Report at document 98-19

---

[11] On May 8, 2023, Defendant moved to extend his reply deadline [Doc. 339-1]. In this motion, he included a partial reply to the Government's response [*Id*. at 4–5]. Defendant argues that the unredacted documents are necessary to his appeal because they constitute "proof that 2 minors, E.B. and F.W.R., were illegally discovered from illegally obtained data from the cellphone" and, this "illegally obtained evidence may not be used in [the] affidavits [in support of search warrants]" or as part of an independent source or attenuation argument [*Id*. at 5]. As for exhibits 98-35, 98-36, and 98-38, Defendant argues that he needs the appellate court to know the unredacted identities of the adults whose names are redacted [*Id*.]. The Court subsequently extended Defendant's reply deadline to May 24, 2024 [Doc. 342 p. 2]. Defendant incorporates his arguments from his motion to extend the reply deadline into his reply [*See* Doc. 352 p. 2].

7

[*Id*.]. Defendant argues that the identities of the minors are necessary for him to identify illegally obtained information in the search warrant affidavits and to counter the independent source and attenuation doctrines on appeal [Doc. 339 p. 5; Doc. 352 p. 2 (incorporating arguments in prior motion)]. This issue is now ripe for adjudication.

## II.   ANALYSIS

Defendant asks the Court to order the Government to file unredacted copies, sealed or unsealed, of thirteen exhibits to his post-hearing briefs so that he can reference the unredacted content on appeal. He maintains that these documents are exempt from redaction because they were created by law enforcement as part of their investigation before he faced federal charges. He also contends that the redaction of the names of adults is improper. Finally, Defendant asserts that redaction of the initials of minors prevents him from supporting his arguments on appeal.

### A. Names and Personal Identifiers of Minors

As an initial matter, the Court has already found that the Child Victims' and Child Witnesses' Rights Act ("CVCWRA") requires the redaction of the names of child victims and witnesses to their initials, redaction of their dates of birth to the year of birth, and redaction of other personal identifiers of minors [Doc. 317 pp. 5– 8; Doc. 324 p. 2 (also requiring redaction of the minor victims' telephone numbers and passwords)]. In so holding, the Court recognized the "'"strong presumption in favor of openness' as to court records'" [Doc. 317 p. 3 (citing *Shane Grp v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983))]. However, the undersigned found a "compelling interest in redacting the victims' information overcomes the presumption in favor of open records" and ordered the redaction of the victims' names and dates of birth from the trial transcripts, replacing the redacted information with the victims' initials and year(s) of birth [Doc. 317 p. 8, 12].

The CVCWRA contains specific provisions to protect the privacy of a child victim or witness. 18 U.S.C. § 3509(d). Employees of the Government, the Court, and Defendant (including defense counsel) must keep all documents that contain the child victim's name or other information concerning the child victim "in a secure place to which no person who does not have a reason to know their contents has access" and may only disclose such documents or information "to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. § 3509(d)(1)(A)–(B). All documents to be filed that contain the child victim's name or other information of the child victim "shall be filed under seal" with the party making the filing required to submit a copy with the child victim's name or information redacted for the public record. 18 U.S.C. § 3509(d)(2)(A)–(B). Moreover, "[o]n motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A).

Here, the Court found, upon the motion of the Government for the redaction of the trial transcripts, that "disclosure of the child victims' names and dates of birth create a significant possibility of detriment to the victims" [Doc. 317 p. 6]. The Court also found that "[r]edaction of the victim's names to their first and last initial and their dates of birth to the year does not affect the public's ability to understand the testimony in this case, nor Defendant's ability to file post-trial motions, make arguments at sentencing, or bring a direct appeal" [*Id*. (citing *United States v. Nobel*, No. 19-20525, 2021 WL 2980683, at *4 (E.D. Mich. July 15, 2021) (finding redaction of child victim's last name "would not impair the [d]efendant's ability to investigate or examine the witness") & *United States v. Gardner*, No. 16-cr-2013, 2016 WL 5404207, at *4 (E.D. Mich. Sept. 28, 2016) ("Stating MV-1's actual first and last name (as well as home address or current place of residence) would not

make [d]efendant's guilt more or less probable than it would be by using MV-1's . . . first name and first initial of her last name.")]. The undersigned found the CVCWRA continues to protect the victims in this case even though they have now reached the age of majority and their names and dates of birth were stated in open court during the trial [*Id*. at 7].

The Court finds that Defendant's reliance on the "exemption" in Federal Rule of Criminal Procedure 49.1(b)(7) is unavailing. Rule 49.1(a) requires redaction of social security numbers to the last four digits, a date of birth to the year of birth, a minor's name to the minor's initials, and the home address to the city and state only. Fed. R. Crim. P. 49.1(a)(1)–(3), (5). Rule 49.1(b)(7) provides that "[t]he redaction requirement [of Rule 49.1(a)] does not apply to . . . a court filing that is related to a criminal matter or investigation and that is prepared before the filing of a criminal charge or that is not filed as part of any docketed criminal case[.]" The Advisory Committee Notes to Rule 49.1 expressly state that "the Rule does not affect the protection available under other rules . . . or under other sources of protective authority." Fed. R. Crim. P. 49.1 advisory committee's note. Moreover, the Rule permits the Court to order "more extensive redaction than otherwise required by the Rule, where necessary to protect against disclosure to nonparties of sensitive or private information." *Id*. (relating to Fed. R. Crim. P. 49.1(e) providing for protective orders). Here, the CVCWRA provides more extensive protections than Rule 49.1(b)(7), and the Court ordered Defendant, with the assistance of elbow counsel, to redact the names of minors in his post-hearing briefs and exhibits [*See* Doc. 87 pp. 5–6, 8]. Thus, the Court finds that the names and personal information of minors must be redacted, and Defendant's request that the Government be ordered to file unredacted documents with the minors' names and other personal information is **DENIED**.

Defendant argues that elimination of even the initials of the minors in some of the exhibits prevents him from making his arguments on appeal. The undersigned agrees that exhibits 98-22, 98-

29, 98-31, and 98-47 were improperly redacted because they fail to replace the minor's names with initials. However, Defendant and elbow counsel were responsible for making these redactions [*See* Doc. 87 pp. 5–6, 8]. Accordingly, Defendant is **ORDERED** to re-file exhibits 98-22, 98-29, 98-31, and 98-47, redacting the names of the minor victims to their initials and redacting other personal identifiers of minors (if any) as follows: the minors' dates of birth shall be redacted to the year of birth, the minors' addresses shall be redacted to the city and state, the minors' phone numbers shall be redacted to the last four digits,[12] and the social media or email addresses of a minor that contain the minor's name must be redacted to the minor's initials.

The Court directed the Clerk of Court to seal exhibits 98-26,[13] 98-32,[14] and 98-42[15] because they contain the unredacted names of minors. Defendant is **ORDERED** to re-file copies of 98-26, 98-32, and 98-42 redacted as follows: the names of the minor victims to their initials and redacting other personal identifiers of minors (if any) as follows: the minors' dates of birth shall be redacted to the year of birth, the minors' addresses shall be redacted to the city and state, the minors' phone numbers shall be redacted to the last four digits, and the social media or email addresses of a minor that contain the minor's name must be redacted to the minor's initials. The Court also requires that the names of

---

[12] The Court previously permitted the telephone numbers of minors to be redacted to the area code in the transcripts [Doc. 324 pp. 2–3]. Here, the Court finds redaction to the last four digits will assist in comparing the phone numbers among Defendant's exhibits.

[13] Exhibit 98-26, which is an FBI Electronic Communication dated May 30, 2018, is not one of the thirteen exhibits listed in Defendant's motion. Upon review of matters in his case, the Court observed that this document contains the unredacted name of a minor.

[14] Exhibit 98-32 contains the unredacted names, addresses, and birthdates of minors and the unredacted names, birthdates, and social security numbers of a minor's parents.

[15] Exhibit 98-42 properly redacts the names of minors to initials and redacts other personal information of minors but fails to redact one instance of a minor's name. The names of the minor's parents are also unredacted.

11

the minor's parents be redacted to the individual's initials, because the parents' names reveal the last name of the minor. All other personal identifiers of parents shall be redacted in conformity with Rule 49.1(a)(1)–(2), (5).

Notwithstanding the above analysis, the Court observes that both the CVCWRA, 18 U.S.C. § 3509(d)(2)(A), and Rule 49.1(f) permit a party to file an unredacted copy of a redacted filing under seal. In fact, § 3905(d)(2) requires as much.[16] The responsibility for filing the sealed, unredacted copy of the filing lies with "the person who makes the filing[.]" 18 U.S.C. § 3905(d)(2); *see also* Fed. R. Crim. P. 49.1(f) ("A person making a redacted filing may also file an unredacted copy under seal."). Accordingly, here Defendant is already required by the CVCWRA to file the sealed, unredacted copies that he asks the Court to order the Government to file. In his motion, Defendant states that the redactions in his exhibits were made by elbow counsel, as ordered by the Court, and that Mr. Moffatt "believes some redactions had already been done before he received those documents from the Government" [Doc. 334 p. 1]. The parties' Discovery Disclosure Agreement recognizes that some of the records contained in discovery, which the Government provided to defense counsel, may contain unredacted sensitive information of individuals, including minors [Doc. 338-1 p. 1]. To the extent that Defendant received discovery from the Government with portions already redacted, the Court permits that information to remain in its original redacted form.[17]

---

[16] "All papers to be filed in court that disclose the name of or any other information concerning a child *shall be filed under seal* without necessity of obtaining a court order. The person who makes the *filing shall submit* to the clerk of court . . . the complete paper to be kept under seal; and . . . the paper with the portions of it that disclose *the name of or other information concerning a child* redacted, to be placed in the public record." 18 U.S.C. § 3905(d)(2)(A)–(B) (emphasis added).

[17] If both Defendant and elbow counsel discover, after a diligent and thorough review of their files, that they have only a redacted copy of one of the listed exhibits received in discovery, elbow counsel shall seek to obtain the document directly from counsel for the Government before seeking relief from the Court.

### B. Names and Personal Identifiers of Adults

Defendant also contends that the names of adults were improperly redacted from exhibits 98-19, 98-35, 98-36, and 98-38 [Doc. 337 p. 2; Doc. 339 p. 5; Doc. 352 p. 2]. Typically, only three categories of information may be shielded from public access: (1) trade secrets, (2) privileged information, and (3) information protected by statute. *United States v. Brown*, No. 3:22-CR-00033-BJB-CHL-1, 2022 WL 1274411, at *1 (W.D. Ky. Apr. 28, 2022 ) (citing *Shane Grp.*, 825 F.3d at 308). This "strict standard" applies even when the parties agree to nondisclosure because the public's right to access judicial records must considered. *Id*. Here, the names of adults, who were not victims as minors, are not protected by the CVCWRA or Rule 49.1. The Government's reason for continued redaction—that the adults at issue had only minimal involvement in the investigation and were not called during the trial nor relevant thereto [Doc. 338 p. 3]—does not fall within one of these categories. Accordingly, the Court agrees that the names of the adults in exhibits 98-19, 98-35, 98-36, and 98-38 were improperly redacted.

Again, however, the Court finds that the responsibility for improper redaction lies with Defendant, who may now file properly redacted copies of these exhibits if he deems the unredacted names of the adults listed in these documents are necessary for his appeal. With respect to exhibit 98-19, Defendant acknowledges having multiple, unredacted copies of the JCSO Preliminary Investigative Report [Doc. 339-1 p. 3], which the Court finds he has already filed in the record [*See* Doc. 227-1].[18] Regarding exhibits 98-35, 98-36, and 98-38, these documents may have been redacted

---

[18] The Court will order the Clerk's Office to seal the first page of the partial copy of the JCSO Preliminary Investigative Report, which Defendant filed as an exhibit to Document 227, because it contains the unredacted personal identifiers of the adults named therein. The copy filed by Defendant only contains the first and third pages of the JCSO Investigative Report [Doc. 227-1 pp. 1–2]. Defendant may file a complete, properly redacted, copy of this report (exhibit 98-19) in the record. In this filing, Defendant **must** redact the social security number, birth dates, and home addresses of Samantha Taveras and Jaycee Corum as required by Rule 49.1(1)–(2), (5). Defendant

13

by defense counsel pursuant to the Discovery Disclosure Agreement before he disclosed them to Defendant while he was counsel of record or they could have been redacted before the Government disclosed them to defense counsel in discovery. However, Defendant knows the name of the trailer park manager referenced in exhibits 98-35 and 98-36, which name he included in his motion [*See* Doc. 337 p. 3], and Defendant does not explain how the full names of the three adults listed in these documents by their first names or titles (*i.e.*, trailer park manager) are necessary to his arguments on appeal. Accordingly, to the extent Defendant asks to file copies of exhibits 98-19, 98-35, 98-36, and 98-38 in which the names of the adult providing a telephone tip and the adults interviewed or sought to be interviewed by law enforcement are unredacted, he may do so, but Defendant is **ORDERED** to comply with Rule 49.1(a)(1) as to the other personal identifiers of these individuals.[19]

Finally, exhibit 98-46, which contains the names, addresses, and telephone numbers of five adults, is not redacted. The Clerk of Court is **ORDERED** to seal this document because of the unredacted addresses therein. Exhibit 98-46 shall remain under seal, and Defendant is **ORDERED** to file a copy that is properly redacted pursuant to Rule 49.1(a)(5).

### III. CONCLUSION

For the reasons discussed herein, the Court **ORDERS** as follows:

1. Defendant's Motion for an Order to Provide Unredacted Documents into the Record for Sixth Circuit Appeal [**Docs. 334 & 337**] is **DENIED**;

2. Defendant is **ORDERED** to file properly redacted documents providing the initials for minors and otherwise

---

may also redact his own personal identifiers, although he has waived redaction of his information by filing it without redaction and not under seal. *See* Fed. R. Crim. P. 49.1(h).

[19] As stated above with regard to the exhibits containing the names of minors, if both Defendant and elbow counsel discover, after a diligent and thorough review of their files, that they have only a redacted copy of a document received in discovery, elbow counsel shall seek to obtain the document directly from counsel for the Government before seeking relief from the Court.

14

conforming to Rule 49.1(a)(1)–(3), (5) for the following exhibits: 98-22, 98-26, 98-29, 98-31, 98-32, 98-42, and 98-47 on or before **SEPTEMBER 5, 2024**;

3. Defendant may file sealed, unredacted copies of seven of the eight exhibits containing the names of minors: 98-22, 98-29, 98-31, 98-34, 98-42, 98-44, and 98-47 on or before **SEPTEMBER 5, 2024**. Exhibits 98-26 and 98-32 are currently unredacted and shall remain **SEALED**;

4. Defendant may file properly redacted versions of exhibits 98-19, 98-35, 98-36, and 98-38 with the names of the adults unredacted on or before **SEPTEMBER 5, 2024**;

5. The Clerk of Court is **ORDERED** to seal exhibit 98-46 and the first page of attachment 227-1 because they contain the unredacted social security numbers, birth dates, and home addresses of adults. Defendant may file a properly redacted copy of exhibit 98-19, as stated above. Exhibit 98-46 shall remain under seal, and Defendant is **ORDERED** to file a copy that is properly redacted pursuant to Rule 49.1(a)(5) on or before **SEPTEMBER 5, 2024**;

6. If both Defendant and elbow counsel discover, after a diligent and thorough review of their files, that they have only a redacted copy of one of the exhibits listed above that were received in discovery, elbow counsel shall seek to obtain the document directly from counsel for the Government before seeking relief from the Court;

7. Defendant must submit all exhibits he is filing in compliance with this Memorandum and Order to elbow counsel for review;

8. Elbow counsel is **DIRECTED** to assist Defendant with filing the redacted and sealed exhibits, to review all exhibits Defendant seeks to file in compliance with this Memorandum and Order to assure compliance with the CVCWRA and Rule 49.1, and to assist Defendant with obtaining copies of the filings once docketed so that he may cite to the document numbers and page identification numbers;[20] and

---

[20] Once docketed, neither Defendant, nor elbow counsel will be able to access copies of any sealed documents. Accordingly, for sealed documents, elbow counsel shall advise Defendant of

9. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant at the Knox County Detention Center.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

the document number, and Defendant may cite to the internal page numbers of his original copy of the document.